THE GUTHRIE NATIONAL BANK v. A. M. McEL HINNEY,

*Mayor of the City of Guthrie, et al.*

PROVISIONAL GOVERNMENT—*Debts—Void Statutes.* The statutory provision contained in ch. 14, art. 1, of the Statutes enacted December 25, 1890, providing a commission by which "claims and demands" against the provisional governments which preceded the enactment of that statute, and which attempted to affix such claims and demands upon the city governments of Guthrie, East Guthrie, West Guthrie, and Capitol Hill was void. Such claims and demands were incurred only by the persons who contracted them, and not by either a *de jure* or *de facto* municipality, and the legislature had no power to provide the method prescribed in that statute, by which it undertook to affix or determine such liabilities, even if the claims and demands had been incurred by *de jure* or *de facto* predecessors of the municipalities, for the reason that by the provision referred to, no provision was made by which the municipalities, sought to be encumbered, shou'd have their day in court, with the right to jury trial and the right to an appeal. The statutory provision referred to, sought to affix a liability upon the said cities without due process of law.

*Original Proceeding in Mandamus.*

*Decker, Jones & Devereux,* for relator.

*B. T. Hainer,* for respondent.

The opinion of the court was delivered by

McAtee, J.:   This was an original proceeding in *mandamus*.   Its object was to enforce the issue of warrants by the defendants, the mayor and common council of the city of Guthrie, under ch. 14, art. 1, of the Statutes of Oklahoma, 1890, being:   ''An Act for the purpose of providing for the Allowance and Payment of the Indebtedness Heretofore Created by the People and Cities of Guthrie, East Guthre, West Guthrie and Capitol Hill, now Consolidated into the Village of Guthrie."

By this act the district judge of Logan county was authorized to appoint a board of referees, consisting of three disinterested persons, who should pass upon claims and demands theretofore issued by the provisional governments which had been merged into the village of Guthrie.   The petition alleged that the claims represented in the litigation were claims found by these referees to have been for "services" rendered to these divisions of the present city of Guthrie, and to have been " meritorious and equitable "; that the action of the referees was afterwards affirmed by the district court; that the court, in pursuance of their finding, ordered the respondents to issue warrants of the city of Guthrie in payment thereof, and that orders were assigned to the plaintiff for value, presented to the council in session, and demands made for the warrants, which were refused.

The answer and return to the alternative writ, made by the respondent, sets up as defenses that they had, on behalf of the city of Guthrie, no authority under the laws of the Territory of Oklahoma, and of the United States, to issue the warrants in question; that art. 1, of ch. 14, of the Statutes of Oklahoma, of 1893, referred to in the alternative writ herein, is in conflect with § 9, of the

Organic Act of the territory, and that it was in conflict with ch. 818, vol. 24, United States Statutes-at-Large, being an act to prohibit the passage of local and special laws in the territories of the United States, to limit territorial indebtedness, and for other purposes, approved July 30, 1886. And that art. 1 in question, is also in violation of the constitution of the United States, which guarantees the right to a trial by jury where the value in controversy exceeds twenty dollars; and that it was void in as much as no provision was made by it for any hearing on the part of the cities therein named before the allowance against them of claims by the commissioners therein appointed, and because it made no provision for an appeal from an allowance of claims by such commissioners against said cities, and that it was in violation of the fifth amendment to the constitution of the United States, providing that no person shall be deprived of life, liberty or property without due process of law.

The petition for the alternative writ and the answer and return thereto, were both sworn to, and the case is presented upon them. It has been hitherto determined by this court that the provisional governments for the regulation and arrangement of the affairs of the cities and towns of the territory of Oklahoma, which were established prior to the act of congress, approved May 2, 1890, were mere voluntary associations of the people living in them, were without legal authority, and had no power to contract debts which should constitute legal obligations upon the municipalities afterward formed under authority of law. (*Richardson v. Oklahoma City*, 3 Okla. 5).

Recovery in this case is sought upon the grounds that municipal corporations are but the creatures of legislative

enactment, and act under the rights, powers and duties imposed upon and conceded to them by the legislative power, and that it is within the province of the legislature to compel them to pay debts which have a moral and equitable and meritorious basis, notwithstanding that such debts may not be strictly binding under the law for technical reasons, and could not be enforced in equity, yet that the legislature may enforce their payment and may provide the method in which the municipality shall proceed, and what steps shall be taken, and what its duties shall be in providing for such claims for public services and expenditures.

No authority in support of the doctrine contended for is cited other than that which is derived from instances in which the corporations incurring the liability sought to be enforced, were either corporations *de jure*, or else corporations *de facto*, exercising the functions of corporations *de jure*, under laws authorizing such incorporations, and which had failed to complete their organizations under the law, owing to some technical defect or irregularity. No case is referred to in the authorities, cited, in which the legislative branch has sought to affix a liability to compel payment of "meritorious" or "equitable" claims incurred by such voluntary associations, as the provisional governments are held to be, prior to the enactment of the Statutes of 1890. We do not think that legislative authority can under any circumstances go farther than to authorize municipal corporations to assume such liabilities, and to make such payments or claims incurred by such municipal corporations or their legal or *de facto* predecessors, if they see fit to do so; but the provisional governments were organized without authority of law and in the absence of any law authorizing

the incorporation of any municipality, and the liabilities incurred were therefore personal liabilities upon those only who incurred them, and they could not in law, equity or reason, be construed into liabilities upon the municipalities which ensued and which became such under the law, when the law authorizing the creation of municipal corporations came afterward to be enacted.

The obligations incurred were personal only and were in no sense of such a character as to be devolved upon the subsequent municipalities. Even if the liabilities were of such a character as that the legislature might have authorized their payment, we do not think that the method adopted was such as to affix and determine such liability in the absence of a provision enabling the municipalities to have their day in court, to avail themselves of the right of jury trial, and of the right to an appeal from the awards made, nor do the provisions of the statute in question constitute that due process of law, to which the city, as other persons, is entitled. (*Oklahoma City v. Richardson*, 3 Okla. page 5; *State, ex rel McCurdy v. Tappan, Town Clerk*, etc., 29 Wis. 664; *Atkins v. Town of Randolph*, 31 Vermont, 226; *County of Hampshire v. County of Franklin*, 16 Mass. 76; *People, ex rel McCagg v. Mayor*, etc., 51 Ill. 17).

The subject was fully considered at the September term of this court, and passed upon in the case of the *City of Guthrie v. Wylie et al.*, and the views there expressed, are here adopted and reaffirmed. .

The peremptory writ of *mandamus* refused

All the Justices concurring.