### DICKSON v. MACKEY, Ex'r.

No. 11137—Opinion Filed Nov. 27, 1923.

Rehearing Denied Feb. 17, 1925.

(Syllabus.)

1. Pleading—Demurrer to Petition—Issue of Law.

By reason of section 4740, Rev. Laws 1910, the issues triable on demurrer to a petition are those of law purely which arise by reason of the admission by the demurrer of the facts alleged.

2. Judgment — Dismissal for Failure to Amend Petition — Effect as Bar.

When the demurrer to the petition contained several grounds, one of which challenged the petition on the merits as to the sufficiency of the facts alleged therein to constitute a cause of action, and it plainly appears from the record that the demurrer was sustained upon the ground of the insufficiency of the allegations of the petition only, the judgment sustaining the demurrer and dismissing plaintiff's cause with costs, is a bar to subsequent suit on the same cause of action between the same parties or their privies.

3. Same—Matters Concluded.

When the second suit is between the same parties or their privies, and upon the same cause of action as a prior suit, the judgment in the first is an adjudication not only as to every question, issue, and fact which was, but also upon those which might have been, presented in the first suit.

### 4. Same—Specific Performance.

Record examined, and held, that he first suit was for specific performance of the same alleged contract to convey the same land as the instant case, and the judgment therein was res judicata.

Error from District Court, Woodward County; J. C. Robberts, Judge.

Action by Alexander J. Dickson against O. J. Mackey, executor of will of Avis W. Mackey, and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Homer N. Boardman, for plaintiff in error.

Chas. Swindall and S. A. Horton, for defendants in error.

BRANSON, J. This action is for specific performance of an alleged contract to convey 960 acres of land located in Harper county, Okla. The plaintiff, who is the plaintiff in error, brought this action in 1908 against the executor of the will and the heirs of Avis W. Mackey, deceased. The alleged contract plaintiff pleaded was letters and telegrams between himself and Avis W. Mackey, the last of which bore date of June 28, 1906.

Venue of the action was changed by agreement of the parties from Harper to Woodward county, and no point is made by either side as to this.

Plaintiff does not contend for the 960 acres which he says the contract bound the deceased to convey, for that it developed the deceased did not own two quarter sections of the land, but does demand specific performance as to the remainder. The instruments plaintiff says created a sufficient contract on which the judgment prayed could be predicated, are pleaded as exhibits to his petition A, B, C, D, E, and F, which when abstracted are:

A is a letter dated April 25, 1906, at Bentonville Ark., to plaintiff saying that $4,500 is the least she and her husband will take for their old home. (No description of the land other than the reference "old home.")

B is a letter from plaintiff to deceased dated April 27, 1906, at Gate, acknowledging receipt of Exhibit "A," and saying he supposed she intended to include the quarter Dick owned, which would make the land about $6 per acre, but did not know the amount against the land, and had rather buy and she take care of the debts. He further referred to the difficulty he would have getting a certain tenant off the land, and advising her to get him off, for that whoever bought the land would want possession, and that plaintiff would rent it

if he did not buy: that if she wanted to trade at $6 and give immediate possession, they would call it a trade; that she knew what was against the land, and if she did not want that, "lets quit," and that, as he wrote her, he had to buy the Hess land by May 5th or turn it down, and that she would about have time to answer by that date.

C is a reply from deceased to plaintiff's Exhibit "B," in which she said she will do as he said. He might have it for $4,500 and must take it with all there is against it; that he knew what that was better than she did, and she must have $4,500 clear or she could not sell.

D is a letter from plaintiff to deceased acknowledging receipt of C, in which he states he found the indebtedness much more than he expected; it would make the ranch cost more than $1,004 in excess of $6 per acre, which he thought was all it was worth, but that he would allow $2 for fences, and split $804 that is, she would receive $402 less.

E is a reply to D, dated at Bentonville, Ark., May 10, 1906, in which deceased replied: "I will do no better: I must have $4,500 clear or I will keep my place. If you take the place please let me know, as Bert H. is wanting to come and stock up the place."

F is a telegram from plaintiff to deceased, dated Woodward, Okla., June 28—"To Avis W. Mackey: Forty-five hundred dollars ready according to contract for deeds am waiting for deeds. Answer. (Signed) A. J. Dickson."

And no answer came from deceased.

Defendants answered in this cause and pleaded that the documents were insufficient to constitute a contract enforceable for the sale of real estate; that there had been a prior adjudication of the issues in this case in favor of the executor's testatrix, Avis W. Mackey; and that the whole contract was voidable because two quarter sections were included which Avis W. Mackey did not own.

The plaintiff in error in his elaborate brief takes up the alleged prior adjudication as pleaded and contended for by defendants. He admits that in July, 1906, the plaintiff herein sued in case 801 on the docket of the district court of Woodward county, Oklahoma Territory (now State), the deceased, Avis W. Mackey, and another for the specific performance of the alleged contract pleaded herein, and says:

"The proceeding on the part of the de-

fendants in error wherein they attempt to prove a prior adjudication between the same parties, relating to the same issues, is found on pages 205, 206, 207a of the case-made and is so disconnected, uncertain and incomplete that it is difficult to follow. It seems, however, that in April, 1907, the former action instituted by the plaintiff in error against Avis W. Mackey and Isa Northup was pending on demurrers to the petition. There were six grounds of demurrer (C.-M. 206, 207), two grounds relating to defect of the parties, one ground relating to lack of jurisdiction of the subject-matter, one ground relating to the lack of jurisdiction of the person one ground charged that the court had no legal capacity to sue and the **sixth ground only related to the insufficiency of the facts alleged in the petition."**

"The demurrers were heard and sustained on April 23, 1907, but upon what ground does not appear, nor was there any effort at the trial to show. No judgment was rendered, but plaintiff was given 20 days in which to file an amended petition. (In fact a second amended · petition—for the demurrers were to the amended petition—ours). This time was extended for several weeks by stipulation of the attorneys, but in September, 1907, plaintiff having failed to file an amended petition, a motion was filed to dismiss the case, because of plaintiff's default and failure to comply with the order of the court."

On which last motion the trial court in said first cause entered an order and judgment which appears in the journal, finding that the cause came on in regular order to be heard on—

"The motion of the defendants Avis W. Mackey and Isa Northup for judgment upon the demurrers of the defendants to the amended petition of said plaintiff, Alexander J. Dickson, and the court being fully advised in the premises, finds that plaintiff has failed to comply with the order of the court heretofore made in said cause granting to said plaintiff permission to file his second amended petition in said cause from ruling of the court upon said demurrer, etc. * * *

"The court further finds said motion of said defendants was well taken and that said motion should be sustained."

"It is therefore considered, ordered, and adjudged by the court that said cause of action be, and same is hereby dismissed at the cost of said plaintiff, taxed at ————, for which said amount let execution issue."

To epitomize, the demurrers of the two defendants in the first suit, containing the grounds therefor as set out in the quotation from brief of plaintiff in error, supra, were sustained to plaintiff's amended petition, and on his request he was granted time to file a second amended petition. Long after the time allowed plaintiff therein, who is the plaintiff in the cause at bar, on the same alleged right of action, failing to comply with the order, defendants' motion for judgment in their favor on the demurrers was sustained in September, 1907. Afterwards the defendant Avis W. Mackey died; and in January, 1908, the plaintiff began this instant suit against her executor and heirs, to which, among others, the defense of res judicata was interposed.

This defense was a complete bar to the relief sought. Merrell v. Board of Commissioners of Ness County (Kan.) 52 Pac. 109; People v. Stephens (N. Y.) 51 How. Prac. 235; Culbert Company v. Simpson, 51 Okla. 178, 151 Pac. 854; Schuber v. McDuffee, 67 Okla. 160, 169 Pac. 642; Peck v. First National Bank, 50 Okla. 252, 150 Pac. 1039.

But plaintiff in error says that when a demurrer is interposed on technical defects of the pleading at which it is directed, such as lack of jurisdiction, misjoiner of parties, etc., as well as grounds going to the merits, and the demurrer is sustained but the record fails to show on what ground, it will not be held to have adjudicated the merits and the judgment is not good as a plea of res judicata, citing Goldsborough et al. v. Hewitt, 23 Okla. 66, 99 Pac. 907; Griffin v. Seymour, 15 Iowa, 30.

In the first case cited from this court, the law on the subject, as amended in the syllabus, is:

"A judgment sustaining a demurrer for misjoinder of causes of action is not available to establish the plea of res judicata."

The law of the other two cases does not sustain the position taken.

In the case at bar, the ground of the demurrer which went to the merits of the right of plaintiff to recover on the allegations of his petition was clearly all that prompted the court to sustain it. The demurrers under section 4740, Rev. Laws 1910, only go to matters which appear on the face of the petition. The demurrer specifically charged its insufficiency as stating a cause of action against the defendants for the relief sought and there was no other · ground set out in the demurrer on which the court could have with any degree of plausibility sustained it. If the court had sustained the demurrer on any of the technical grounds mentioned, the parties being as disclosed by the petition, the plaintiff, Alexander J. Dickson, the de-

fendants, the alleged maker of the contract to convey, and another alleged to have same interest therein, and the land being in the county in which the suit was brought, no amended petition which time was requested to file could have in any wise altered or cured such defect. Time was requested by plaintiff to file an amended petition, presumably, which would plead a state of facts showing a right of action against the defendants. Failing to do so within the time allowed, judgment was rendered on the demurrers, dismissing the plaintiff's cause of action and for cost against him. From this no appeal was taken, and the merits were determined thereby as completely as if it had been heard on the proof and the facts adjudged against the plaintiff.

But plaintiff in error further says that the original petition, while it pleaded the same alleged cause of action for specific performance, it failed to plead a certain telegram of acceptance, which was the last link in the chain of correspondence of which he says the contract was composed, and in the instant suit he pleads the telegram. This makes no difference, for that where a subsequent action is upon the same cause of action, not only the facts pleaded in the former suit are concluded, but all material facts which might have been presented as constituting the claim or defense. Miller v. Belvy Oil Co., 248 Fed. 83, and cases therein cited. This last contention made in the brief of plaintiff in error belies all suggestion theretofore made that the judgment on the demurrers in the former suit went to technical matters solely and not to the merits.

The judgment herein ran in favor of the defendants. No request for findings having been made, none appear in the record. Having reached the conclusion that the plea of former adjudication as pleaded and established was a complete defense we deem it unnecessary to discuss the other grounds raised.

The judgment of the trial court is affirmed.

McNEILL, KANE, KENNAMER, NICHOLSON, and COCHRAN, JJ., concur.