**MESHEK v. CORDES et al.**

No. 21281. Opinion Filed May 31, 1933.

Cress, Tebbe & Cress and Frank T. Mc-Coy, for plaintiff in error.

Hamilton, Gross & Howard, for defendants in error.

McNEILL, J. The question involved in the instant case is whether the district court of Osage county erred in sustaining the separate demurrers of some of the defendants to the petition of plaintiff. The parties will be referred to as they appeared in the trial below.

It appears that the State Highway Commission entered into a certain contract with Osage Construction Company, a copartnership, composed of J. E. Beecher, Ray Betts, and Jim Moss, residents of Osage county, for the improvement of a certain portion of the state highway in Osage county, and that said company executed a statutory bond required by sections 7486 and 7487, C. O. S. 1921 [O. S. 1931, secs. 10983. 10984], wherein it was named as principal and Citizens Trust Company of Pawhuska, Okla., a corporation, was named as surety. The bond was approved by the Highway Commission, and it required the principal to pay all the indebtedness incurred for the labor and material furnished in the construction of said state highway project. It further appears that said company entered into a contract with P. J. Cordes, a resident of Noble county, for a certain portion of said work, and that said Cordes in turn contracted with Tom Meshek, plaintiff herein, for certain labor and material furnished on said project.

Meshek claims he was not paid for said labor and materials. He has filed two suits in an attempt to recover on his claim of indebtedness incurred by reason of this project.

The first action was filed in Noble county, and was thereafter dismissed for the reason that the court had no jurisdiction over the defendants of Osage county. Plaintiff did not appeal from said order of dismissal.

Thereafter plaintiff filed the instant case in the district court of Osage county on May 23, 1929. Summons was served on said defendants in Osage county on May 25, 27, 1929. Summons was issued, to Noble county for service on P. J. Cordes, which was served on May 24, 1929. Thereafter, on June 25, 1929, the defendants of Osage county filed separate motions to require the plaintiff to

make his petition more definite and certain in two respects: First, when the work was completed; and, second, the dates between which the work was done. The defendant Cordes filed his answer and cross-petition on July 8, 1929, wherein he sought judgment against the Osage Construction Company and the Citizens Trust Company for the amount they were indebted to him by reason of said project. Thereafter the plaintiff, on August 20, 1929, filed an amendment to his petition, setting forth that he completed the work on or about March 9, 1928, and that the items of labor were performed between October 26, 1927, and March 9, 1928. The defendants of Osage county, being the defendants in error herein, filed separate demurrers to the amended petition on the grounds that there was a misjoinder of causes of action; misjoinder of defendants; that the petition, as amended, did not state a cause of action; and that any pretended cause of action attempted to be stated was barred by the statute of limitations. On November 4, 1929, the court sustained these demurrers; the plaintiff refused to plead further, and the court dismissed the pretended causes of action.

It is the contention of the plaintiff that the action in Osage county was not barred under sections 7486 and 7487, C. O. S. 1921 [O. S. 1931, secs. 10983, 10984], which sections require that an action on a bond for the recovery of money judgment for labor and materials furnished on a state highway project must be brought within six months from the completion of said public improvement; that the petition as amended does not show that the Osage county action was brought more than six months after the completion of said improvement project, and that, even though it was so barred under said sections, it was still maintainable under the provisions of section 190, C. O. S. 1921 [O. S. 1931, sec. 106], providing that when an action fails otherwise than on its merits, a new action may be brought within one year from the date of such failure.

The defendants contend:

1. The action was barred by the provisions of section 7487, C. O. S. 1921, when the suit was filed in Osage county.

2. The action was barred under the provisions of section 7487, C. O. S. 1921, at the time the pretended suit in Noble county was commenced as to each of these defendants.

3. The pretended suit in Noble county cannot be considered as a basis for the extension of the one year granted by section 190, C. O. S. 1921.

4. The pretended suit in Noble county will not serve to grant the privilege of the additional year for the reason that no service was had upon these defendants in error in that suit until after the statute of limitations had already run.

5. The suit in Osage county is not the same as the pretended suit in Noble county, therefore section 190, C. O. S. 1921, has no application.

6. The sustaining of the demurrers and the dismissing of plaintiff's suit was proper, independent of the statute of limitations.

The petition filed in the instant case shows on its face that another action had been commenced in Noble county on June 30, 1928, and was prosecuted until April 22, 1929, at which time it was dismissed by the court; that summons had been duly issued out of said court and served on P. J. Cordes; that a summons was also issued to Osage county, return of which was never made, against the Citizens Bank & Trust Company of Pawhuska; that said company filed its motion to quash on the ground that upon the date the secretary of said company was served, the president and vice president were within Osage county; that this motion was sustained by the district court of Noble county on November 12, 1928; that thereafter an amended petition was filed; that thereafter an alias summons was issued and served on said Citizens Bank & Trust Company, and also summons was issued and served on the Osage Construction Company; and that thereafter separate motions to quash on behalf of said Osage Construction Company and Citizens Bank & Trust Company were filed.

These motions were sustained by the district court of Noble county on April 12, 1929, for the reason, as assigned by the district court of Noble county, that the court had no jurisdiction over said defendants.

Section 7487, supra, provides that no action shall be brought on a bond taken on public works after six months from the completion of said public improvements. The amended petition is not demurrable on that ground, because it does not appear from the face of the petition and amendment thereto that the public project involved therein had been completed six months prior to the institution of the present action. The date of the completion of the public project not being shown on the face of the amended petition, the bar of this

statute cannot be raised by demurrer, but may be raised by answer. Green Construction Co. v. Empire District Electric Co., 92 Okla. 127, 218 P. 1074; Betz v. Wilson, 17 Okla. 283, 87 P. 844; Chellis v. Coble (Kan.) 15 P. 505; Tucker v. Hudson, 38 Okla. 790, 134 P. 21; Mitchell v. Ripley (Kan. App.) 49 P. 153.

It appears to be the theory of the plaintiff that, even though the action was not commenced in Osage county within the limitations prescribed by section 7487, C. O. S. 1921 [O. S. 1931, sec. 10984], he was authorized under section 190, C. O. S. 1921 [O. S. 1931, sec. 106], by reason of the action in Noble county having failed otherwise than upon the merits, to renew his action in Osage county within the year from the dismissal of the action in Noble county. That contention is only conditionally correct. This saving statute of limitation, section 190, supra, is available to plaintiff if section 7487, supra, is pleaded as a bar, provided it is shown by the pleadings, or by the evidence, that the action was dismissed in Noble county after six months from the completion of the improvement project and the action was thereafter commenced in Osage county within one year after said dismissal in Noble county. If the action was dismissed in Noble county within the six months period provided by section 7487, supra, then section 190 is not available to plaintiff, for the reason that plaintiff could have commenced his action in Osage county within the said period of six months.

The action in Noble county was commenced on June 30, 1928. It was dismissed by the trial court on April 12, 1929. The action was thereafter filed in Osage county on May 23, 1929. Section 190, supra, provides as follows:

"If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if he die, and the cause of action survive, his representative, may commence a new action within one year after the reversal or failure."

Section 190, supra, is not available to plaintiff, for the reason, as observed, that there is no allegation set forth in said amended petition as to when the public improvement was completed.

This question was determined by this court in the case of English v. T. H. Rogers Lumber Co., 68 Okla. 238, 173 P. 1046. In that case a clear announcement of this proposition was made in the syllabus in that case, which is as follows:

1. "Section 4662, Rev. Laws 1910 (section 190, C. O. S. 1921, providing that, if any action be commenced within due time and the plaintiff therein shall fail otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff may commence a new action within one year after such failure, applies only when the party would otherwise be barred of his right of action from the lapse of time prescribed by the statute of limitations relating to the cause of action."

2. "The statute of limitations, fixing the time within which an action must be brought, is not changed by section 4662 (190, C. O. S. 1921), unless the failure otherwise than upon the merits occur after the time limited by statute shall have expired. When the failure occurs before the expiration of the statutory period, the statute has no application."

In the body of the opinion, this court quoted with approval from the case of Denton v. City of Atchison, 76 Kan. 89, 90 P. 765, wherein the Supreme Court of Kansas, in considering a section of their Code of Civil Procedure identical with section 190, supra, lucidly announced the following rule:

"Under the rule of our statute, if the dismissal occurs after the time limit has expired, the plaintiff has one year from that dismissal to bring a new action. To get the benefit of this extension two things are essential: First, the action must have been commenced within due time; and, second, there must have been a failure otherwise than upon the merits after the general limitation of time had expired."

In view of the reversal of this cause on the ground of error of the trial court in sustaining the demurrers of the defendants, to which we refer hereafter, we consider further the aforesaid sections of the statute of limitations which may be the basis for further involvement in the event of further proceedings in the trial court.

The Supreme Court of Georgia, in the case of Atlanta, K. & N. Ry. Co. v. Wilson, 47 S. E. 367, in construing a similar statute to section 190, C. O. S. 1921 [O. S. 1931, sec. 106], held as follows:

"5. Where the plaintiff begins an action in a court of this state having jurisdiction of the subject-matter, and, after the bar of the statute has attached, the same is dismissed because of a ruling indicating that the court has no jurisdiction of the person, such action may be renewed within

six months in another court of this state having jurisdiction of the person and the subject-matter."

In the body of the opinion, the court says:

"In selecting Cobb county as the venue in which her action was to be tried, the plaintiff made a mistake, but was not guilty of such laches as to warrant the defendant in insisting that nothing had been done to interrupt the running of the statute. Section 3786 of the Civil Code of 1895 was intended to afford relief from such mistakes, accidents, and errors. If the plaintiff had brought her suit properly, there would have been no occasion to discontinue. When the reason for discontinuance appeared, or was determined by the court, the statute allows a renewal for the very purpose of avoiding the result of the error. The mistake cannot, then, be relied on to prevent the right to renew. Unless the case is an absolute nullity, the defective or improper suit may be used to nurse the cause of action into full life in the proper form and forum."

In that case the court also quotes from the case of Coffin v. Cottle, 16 Pick. (Mass.) 383, 385, from an opinion written by Mr. Chief Justice Shaw, as follows:

"This is a remedial statute * * * and should have such construction as will best carry into effect the interest of the Legislature. This statute is founded on the presumption that if a creditor has permitted his debt to remain a certain length of time without any attempt to enforce it, or to revive and perpetuate the evidence of it, it is paid or otherwise discharged. * * * But this presumption does not arise if the creditor resorts to legal diligence to recover his debt within the time limited; and the proviso follows this obvious consideration, and declares that where the plaintiff has been defeated by some matter not affecting the merits, some defect or informality which he can remedy or avoid by new process, the statute shall not prevent him from doing so, provided he follows it promptly by a suit within a year."

In Pittsburgh, C. C. & St. L. Ry. Co. v. Bemis, 59 N. E. 745, the Supreme Court of Ohio said:

"It must be conceded that the weight of authority supports the proposition, as a general rule, that a dismissal of a former suit for want of jurisdiction in the court in which it is brought is such a failure as will not constitute a bar to another action. * * *

"It seems quite apparent that the intention was to secure that class of suitors from loss who, without laches or fault, but from causes incident to the administration of the law, are compelled to abandon a present action without a determination of its merits, and give to such, without distinction, an opportunity, in reasonable time within the statute, to renew such action."

In 37 C. J. 1091, it is said:

"Where the case is not within the express exception of the statute, it has been held that failure of an action for defects in process or the service thereof, as by a dismissal for want of jurisdiction of parties, is equivalent to a nonsuit, or failure otherwise than on the merits, so as to confer the right to bring a new action within the time limited."

In summarizing, it may be said that it is immaterial what was the legal cause of the failure of the action otherwise than on its merits, provided plaintiff commenced his action in good faith. The failure of an action due to an irregular, inefficient, and defective service, void or voidable (Ketterman v. Dry Fork R. Co., 48 W. Va. 606, 37 S. E. 683) ; quashing of service of summons (Clause v. Columbia Savings & Loan Ass'n, 16 Wyo. 450, 95 P. 54) ; want of jurisdiction (Stevens v. Dill, 142 Okla. 138, 285 P. 845) ; dismissal without prejudice for failure to pay costs (Myers v. First Presbyterian Church of Perry, 11 Okla. 544, 69 P. 874), is such a failure otherwise than on the merits within the meaning of section 190, supra, and is sufficient to confer the right to bring a new action within the time limit. See, also, Rock Island Coal Mining Co. v. Allen, 106 Okla. 188, 233 P. 1060; Cummings v. Inman, 119 Okla. 9, 247 P. 379; Amsden v. Johnson, 74 Okla. 295, 158 P. 1148; Brookshire v. Burkhart, 141 Okla. 1, 283 P. 571. Statutes of this character are to be liberally construed. Clause v. Columbia Savings & Loan Ass'n, 16 Wyo. 450, 95 P. 54.

In the Ketterman Case, supra, the Supreme Court of Appeals of West Virginia, in discussing this question, said:

"The very object of the statute is to give further time for a second action when the first action is for any cause abortive,—ineffectual for recovery. No matter what was the cause of the first action's failure, no matter how bad the writ, no matter whether you call it void or voidable, it is all sufficient to save the second action. It is within the very reason of the statute. It is just the kind of a trouble for which the statute intended to save the second action."

Section 294, C. O. S. 1921 [O. S. 1931, sec. 227], in reference to liberally construing pleadings, provides:

"In the construction of any pleading, for the purpose of determining its effect, its

allegations shall be liberally construed, with a view to substantial justice between the parties."

Section 319, C. O. S. 1921 [O. S. 1931, sec. 252], provides that immaterial errors are to be disregarded, and is as follows:

"The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

Section 570, C. O. S. 1921 [O. S. 1931, sec. 588], in reference to immaterial exceptions, provides:

"No exception shall be regarded, unless it is material and prejudicial to the substantial rights of the party excepting."

Section 219, C. O. S. 1921 [O. S. 1931, sec. 152], concerning a joinder of parties defendant, provides:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein."

Section 224, C. O. S. 1921 [O. S. 1931, sec. 157], in reference to necessary parties to be brought in is as follows:

"The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in."

As to joinder of causes of action, section 266, C. O. S. 1921 [O. S. 1931, sec. 199], provides:

"The plaintiff may unite several causes of action in the same petition, whether they be such as have heretofore been denominated legal or equitable, or both, where they all arise out of any one of the following classes:

"First. The same transaction, or transactions connected with the same subject of action. * * *

"But the causes of action so united must all belong to one of these classes, and must affect all the parties to the action, except in actions to enforce mortgages or other liens."

It is apparent that a very liberal construction in reference to pleadings has been provided by our statute. 1 R. C. L. 364, announced the following rule as to what actions and parties may be joined in one suit, as follows:

"But it is not necessary, under the statute or in the absence of statute, that all the parties should be affected equally, it being enough that they are all affected."

1 C. J. 1093, discusses the same rule, as follows:

"This requirement does not make it necessary in order to authorize a joinder, that the causes shall affect all of the parties in the same manner or to the same extent, or at least, as stated in some cases, in actions of an equitable nature, although the same rule has been applied in actions strictly legal. * * * It is the object of these provisions to prevent a multiplicity of suits, and their only effect, if any, upon equitable principles of multifariousness has been to enlarge the right of joining different causes in the same action. The general tendency, therefore, under the Codes, whether the causes are legal or equitable, or both, is to conform to equitable principles rather than to those of the common law, and to permit a joinder wherever the nature of the case, the interest involved, and the relief demanded make it expedient and proper that the entire controversy should be determined in a single action; but in determining in what manner and to what extent the parties must be affected, a distinction is still ordinarily made between legal and equitable causes in favor of the latter."

This court, in the case of Bryan v. Sullivan, 55 Okla. 109, 154 P. 1167, said:

"The test is whether or not parties joined in the suit have one connected interest centering in the point in issue in the cause, or one common point of litigation. * * * In other words, all of the plaintiffs and all of the defendants must have a common interest or connection centering in the point in issue."

In the case of Miles v. Mutual Reserve Fund Life Ass'n, 108 Wis. 421, 84 N. W. 159, the Supreme Court of Wisconsin said:

"Criticisms of a pleading will not support a challenge for insufficiency to state a cause of action or defense, if sufficiency can be discovered reasonably by judicial construction of the language used, and by reasonable inferences from general allegations. Such pleadings may be open to a challenge for uncertainty and indefiniteness, but not insufficiency."

In the case of Emerson v. Nash (Wis.) 70 L. R. A. 326, the Supreme Court of Wisconsin said:

"The only legitimate test to be applied to the complaint is, will it reasonably permit of a construction sustaining it? In

view of all the facts alleged expressly, or by reasonable inference, is the pleading bad as claimed? If it will satisfy such test, it is good on demurrer, as indicated, however plainly it may be open to a motion for indefiniteness and uncertainty. * * *

"Any event in which two or more persons are actors, involving a right which may presently, or by what may proximately occur in respect thereto, be violated, creating a redressible wrong, is a transaction within the meaning of the statute."

In the case of Stone v. Case, 34 Okla. 5, 124 P. 960, this court, in construing the term "transaction," stated:

"In section 5623 of the statute (Comp. Laws 1909), which provides that several causes of action may be united in the same petition where they arise out of the same transaction, or transactions connected with the same subject of action, the term 'cause of action' means a redressible wrong. Its elements being the wrong and the relief provided. The 'subject of action' is a primary right and its infringement. The term 'transaction' is used in the first clause with reference to, and expressive of, all the acts, or groups of related acts, which go to make up one entire project, system, or deal, referred to as a 'transaction,' and in the latter clause it is used to include and encompass only such acts, or groups of acts, as in themselves constitute separate, redressible wrongs; and such wrongs (transactions) are connected with the same 'subject of action' whenever they affect, grow out of, or constitute separate infringements of the same primary right."

Sutherland on Code Pleadings, Practice and Forms, in considering joinder of causes of action, in section 192, says:

"Another positive provision of the Code is that the causes of action so united must affect all the parties to the action, and not require different places of trial. It will be noted that there is no requirement that all the parties shall be affected equally. The test is whether or not the parties joined in the suit have one connected interest centering in the point in issue in the cause, or one common point of litigation. If so, unconnected parties may be joined, even where different relief is sought against them. In other words, all of the plaintiffs and all of the defendants must have a common interest or connection centering in the point in issue. * * *"

To the same effect is Baylies' Code Pleading and Practice, section 8, ch. 8, p. 162:

"One requisite of the joinder of several causes of action in the same complaint is that all the causes of action so joined shall affect all the parties to the action, except where the law prescribes otherwise.

"It is not necessary to the proper joinder of various causes of action in one complaint that they should affect all the parties equally. It is enough that they affect all, though in equal degrees. The test is whether or not the parties joined in the suit have one connected interest centering in the point in issue in the cause, or one common point of litigation. If so, unconnected parties may be joined, even where different relief is sought against them."

In reference to misjoinder of causes of action, it is announced in 49 C. J. 394, as follows:

"If it is doubtful whether or not allegations are such as to make a pleading demurrable for misjoinder, that construction should be adopted which will sustain the pleadings."

There is in this action involved one redressible wrong, the failure to pay for labor and material furnished on the highway project. The paramount and single purpose running through this action is to obtain and recover a judgment against said defendants by reason of the failure of said defendants to pay for the labor and material which were furnished and used in the construction of this public improvement. There is no question but what plaintiff is entitled to recover a judgment against each of the defendants for the labor and material which were furnished, under the allegations of his petition, as against a demurrer, and that each of said defendants is connected with the purpose and object of the suit. Each defendant has an interest in the matters involved.

The defendant Cordes was primarily liable by reason of the contract which he had entered into with plaintiff for this labor and material. The Osage Construction Company was the original contractor to construct the highway. It received the benefit of plaintiff's labor and material which went into the project. It was liable by reason of being the principal named in the statutory bond, given for the benefit of third parties who furnished labor and material. The bond which was given to the state of Oklahoma and was signed by it as principal was conditioned that it would pay for all indebtedness incurred for the labor and material furnished in the project. The Citizens Bank & Trust Company signed this bond as surety. In the event the Osage Construction Company failed to pay for all indebtedness incurred for labor and material furnished in the project, then its liability attached. Each of these defend-

ants has an interest in the subject of this action relative to payment of the claim of plaintiff. The action relates to a single subject-matter, the failure to pay for that which was furnished on this public improvement. It was not necessary for the plaintiff to sue the Osage Construction Company or Cordes. He could have instituted a suit against the Citizens Bank & Trust Company as sole defendant for breach of the bond. Thompson v. Grider Implement Co., 36 Okla. 165, 128 P. 266.

We are unable to ascertain how any prejudice could result in the instant action by reason of the Citizens Bank & Trust Company, as surety, having the privilege and advantage of defending in an action of this character, wherein its principal, a contractor of the project, and a subcontractor of the principal were made parties defendant, instead of requiring said defendant as surety to be put upon its defense in an action upon a judgment which might be obtained against either the said Cordes or its principal, the Osage Construction Company, for failure to pay that for which it was liable under said bond. See Hixon v. Cupp, 5 Okla. 545, 49 P. 927. In fact, the bank is not improperly joined in this action with the Osage Construction Company. Hixon v. Cupp, supra. Cordes is not a necessary party, but he is a proper party defendant. However, he offers no objection.

Actions for recovery of labor and material on public improvements are to be liberally construed, and the petition of the plaintiff should be given this interpretation. In this action there is a connected interest, centering on the payment of plaintiff's claim. The relief asked for affects them all. There is a common point in issue in this litigation. It seems expedient that the whole controversy should be determined in reference to the satisfaction of plaintiff's claim in a single action when each of the parties defendant is affected, rather than to compel the parties to settle their controversies by a multiplicity of suits.

1 R. C. L. 368, announced the rule:

"Only persons improperly joined can object to the misjoinder. * * * It has been said to be very doubtful whether the overruling of a demurrer for a misjoinder of causes of action is ground for the reversal of a judgment or decree unless the defendant has been prejudiced in some substantial manner by such judgment or decree."

See, also, Reynolds v. Lincoln (Cal.) 9 P. 176; Angell v. Hopkins, 79 Cal. 181, 21 P. 729; The Victorian No. 2 (Wash.) 41 P. 1103.

In view of the foregoing, we are of the opinion that no prejudice can result from the trial of this case under the facts alleged in plaintiff's petition, whereby each of the defendants has been joined in an action to recover a money judgment for the material and labor furnished and used on a public improvement project; that the separate demurrers of the defendant Osage Construction Company and the Citizens Bank & Trust Company should each be overruled; and that it was error on the part of the trial court to sustain the same.

The action is reversed and remanded, with directions to proceed not inconsistent with the views herein expressed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, OSBORN, BAYLESS, and BUSBY, JJ., concur. ANDREWS and WELCH, JJ., absent.