### CITY OF TULSA v. MYRICK.

No. 27413. Dec. 13, 1938.

Rehearing Denied Jan. 17, 1939.

Application for Leave to File Second Petition for Rehearing Denied Jan. 31, 1939.

H. O. Bland, Milton W. Hardy, and E. M. Gallaher, for plaintiff in error.

Quincy J. Jones, for defendant in error.

CORN, J. This is an appeal from a judgment rendered in an action in the district court of Tulsa county, brought by M. D. Myrick against the city of Tulsa, to recover damages for personal injuries resulting from the alleged negligence of the city in leaving open and unguarded a ditch or excavation in one of the city streets, into which the plaintiff fell and suffered the injuries of which she now complains. The past proceedings in this matter have been lengthy, but being important to the present appeal, it may be well to note them be-

fore proceeding further. We shall refer to the parties as in the trial court.

The plaintiff's original petition, filed June 10, 1924, alleged that on November 18, 1923, she received the injuries upon which this action for damages is predicated. Thereupon the trial court entered the following order:

"On this 21st day of September, 1929, there came on for hearing the special demurrer of the defendant, city of Tulsa, to plaintiff's amended petition, and it being made to appear to the court that limitations have barred the action, and that the said special demurrer should be sustained;

"It is therefore by the court ordered that the special demurrer of the defendant, city of Tulsa, be and the same is hereby sustained.

"Thereupon, and after defendant's special demurrer had been sustained by the court, the plaintiff dismisses her said cause without prejudice.

"(Signed)   Saul Yager, District Judge."

Thereafter, on May 23, 1930, the plaintiff filed her petition in the present action, alleging substantially the same facts as in her first petition, and to this petition the defendant entered a demurrer, which was overruled. The defendant answered, setting up that the action was barred by the statute of limitations, and to this answer the plaintiff replied, denying all allegations of new matter. The defendant then filed an amendment to the original answer, to which the plaintiff did not reply.

When the cause was tried, the jury returned a verdict for the plaintiff for $1,000 for the personal injuries resulting from the latter's negligence, whereupon the defendant filed a motion for judgment notwithstanding the verdict, which was sustained by the trial court.

From that ruling the plaintiff appealed to this court, that appeal having been decided in the case of Myrick v. City of Tulsa, 175 Okla. 647, 54 P.2d 330, wherein this court reversed the ruling of the trial court and remanded the cause, with directions to enter judgment for the plaintiff in accordance with the verdict returned in the trial court.

In the appeal brief the defendant makes three specifications of error, but deals with them under the single proposition that "an order sustaining a demurrer to a petition upon the merits, if not appealed from, is a final adjudication of the cause of action therein stated, and is a bar and estoppel between the same parties or their privies in a subsequent suit upon the same cause of action." All the argument offered by the defendant is in behalf of this proposition, therefore, we shall consider the other specifications of error as being waived.

The defendant insists that when the statute of limitations once bars a cause of action, it is subterfuge to file another cause of action upon the same facts. However, it is not necessary at this time to enter any discussion in regard to that point, inasmuch as this court has already passed upon that question.

This case then becomes one in which it must be decided whether the sustaining of the defendant's demurrer was an adjudication of the matter, or whether the plaintiff had the right to voluntarily dismiss her cause, and later, within one year, refile her petition alleging substantially the same facts.

In determining this question it is necessary to construe section 106, O. S. 1931, which provides:

"If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or if he die, and the cause of action survive, his representative, may commence a new action within one year after the reversal or failure."

The question, then, is to determine whether this applies to the instant case, and this is to be found in the intent of the statute itself. It is obvious that the express purpose of this provision is to give to a plaintiff the right to a new action where, in the words of the statute, he has failed "otherwise than upon the merits." Such was the interpretation of this section by this court in the early case of Hatchell v. Hebeisen, 16 Okla. 223, 82 P. 826. In that case, although the court said that the new action must be for the same cause of action as the former cause, "the purpose of the statute is to save to the plaintiff in action the right to commence a new action within one year where he has failed in such action otherwise than upon the merits."

It is admitted by the defendant that after the trial court sustained the defendant's demurrer, the dismissal of the plaintiff's action was without prejudice. The interpretation this court has placed upon this section of the statute is that such a failure is otherwise than upon the merits. Lisle et al. v. Anderson, 61 Okla. 68, 159 P. 278; Wheatley v. Riddle, 97 Okla. 218, 223 P. 680; and such has been the holding by the

Supreme Court of Kansas, from which state this section of our statute was taken.

When the plaintiff entered her voluntary dismissal, without prejudice, there was an end to the matter before the trial court at that time. Thereafter, and before the expiration of one year, she refiled her cause of action upon the same facts. Perhaps the best statement in this connection was made by this court in the case of Meshek v. Cordes, 164 Okla. 40, 22 P.2d 921, in discussing a case which was dismissed without a trial on the merits. In the body of the opinion the court quoted from the case of Ketterman v. Dry Fork Ry. Co., 48 W. Va. 606, 37 S. E. 683. In that case, where this same problem arose on the question of the validity of a writ, it was said:

" 'The very object of the statute is to give further time for a second action when the first action is for any cause abortive,— ineffectual for recovery. No matter what was the cause of the first action's failure, no matter how bad the writ, no matter whether you call it void or voidable, it is all sufficient to save the second action. It is within the very reason of the statute. It is just the kind of a trouble for which the statute intended to save the second action'."

We hold that the same rule should apply where a plaintiff has voluntarily dismissed an action without prejudice with the approval of the court, as in the instant case, and then has refiled the same within the year allotted, as provided by the statute. For the reasons stated, we hold that the trial court's sustaining of the demurrer was not an adjudication of the issues upon the merits such as to be a bar to a second action by this plaintiff when filed within the year as provided by the statute.

Judgment affirmed.

OSBORN, C. J., and WELCH, GIBSON, HURST, DAVISON, and DANNER, JJ., concur. BAYLESS, V. C. J., dissents. RILEY, J., concurs specially.

RILEY, J. (concurring specially). The rules of law stated are agreeable to my views, for the legislative act tolling the statute of limitation is remedial in nature and consequently to be liberally construed. However, a decisive jurisdictional question is presented and based upon omission of motion for new trial in time provided by law, to wit, three days after verdict and within term time. This view reaches the same result.