## FUNK v. FIRST NAT. BANK OF MIAMI, OKLA., et al.

No. 28996.   Oct. 31, 1939.

J. J. Smith, H. P. Walker, and M. W. Hinch, all of Miami, for plaintiff in error.

E. S. Fitzgerald, of Miami, and William T. Rye, of Vinita, for defendant in error.

HURST, J.   The First National Bank of Miami, as plaintiff, brought this action to quiet title to certain land in Craig county. In this suit plaintiff in error Funk intervened. The issues raised by the intervening petition, plaintiff's answer and cross-petition thereto, and intervener's reply, were tried by the court, who denied intervener's demand for a jury, and judgment was rendered for plaintiff, from which intervener appeals.

1.   Intervener urges five specifications of error, the first three of which may be disposed of together. All go to the validity of a judgment obtained by plaintiff against intervener in 1929, in the district court of Craig county, and a sale of the land involved here, on execution issued thereunder in 1934. Intervener appealed from that judgment, and filed a supersedeas bond in taking such appeal. On May 23, 1933, intervener was adjudicated a bankrupt, and on the same date, for reasons not appearing in the record, this court dismissed the appeal. The land involved here had been sold at execution sale, pending the appeal, by a judgment creditor whose judgment was obtained subsequently to that of plaintiff, and the land purchased at that sale by such junior or subsequent judgment creditor, but was nevertheless thereafter levied upon in this action and bought in by plaintiff under its prior judgment lien. Intervener argues that the supersedeas bond filed by him operated to suspend the lien of plaintiff's judgment, and that the bankruptcy proceeding caused the judgment to become dormant, so that execution could not issue thereunder until the judgment had been revived.

(a)   The trial court correctly denied these contentions. The taking of the appeal, and filing of the supersedeas bond, did not suspend or devitalize the lien of plaintiff's judgment, but merely prevented the enforcement thereof against the property of intervener, pending determination of the appeal. O. S. 1931, sec. 543, 12 Okla. St. Ann. § 968. Starr et al. v. McClain et al. (1915) 50 Okla. 738, 150 P. 666; Scott v. Joines et al. (1918) 71 Okla. 89, 175 P. 504; Howe et al. v. Farmers & Merchants Bank et al. (1932) 155 Okla. 284, 8 P.2d 665. When the appeal was dismissed, the function of the supersedeas bond expired, and thereupon the right of plaintiff to satisfy the judgment out of the property of intervener in any manner provided by law became again free and unrestricted.

(b)   Nor did the adjudication of intervener as a bankrupt destroy the lien of such judgment, since the judgment was rendered more than four months prior to the adjudication of bankruptcy. In re Staples (D. C. N. D. Oklahoma 1932) 1 Fed. Supp. 620; Straton v. New, 283 U. S. 318, 51 S. Ct. 465, 75 L. Ed. 1060; 6 Am. Jur. 700, 703, 806. The contention that plaintiff was estopped is without merit, as no estoppel was pleaded, nor is there any evidence in the record of the facts upon which it is sought to be based.

2.   Intervener next contends that the court erred in holding that his right to assail plaintiff's title was barred by a judgment in a previous action brought by intervener against plaintiff on the same cause of action attempted to be asserted in the instant case.

which judgment was pleaded by plaintiff as a bar. In that case plaintiff demurred generally to the amended petition filed by intervener, and the court sustained the demurrer, and dismissed the cause with prejudice. Whether the dismissal with prejudice in that case was error cannot be urged in this action. No appeal from the judgment of dismissal was taken and the same became final, and it is res adjudicata of the claim of intervener in the instant case. Davis v. Bolen (1918) 74 Okla. 168, 177 P. 903; City of El Reno v. Cleveland-Trinidad Paving Co. (1910) 25 Okla. 648, 107 P. 163; Dickson v. Mackey (1923) 108 Okla. 11, 233 P. 423.

3. Intervener's last contention, that he was entitled to a jury, is likewise without merit. An action to quiet title is one of equitable cognizance, triable by the court. Sections 350 and 351, O. S. 1931, 12 Okla. St. Ann. §§ 556 and 557; Maynard v. Hustead (1939) 185 Okla. 20, 90 P.2d 30; Wilson v. Bombeck (1913) 38 Okla. 498, 134 P. 382.

Affirmed.

WELCH, V. C. J., and CORN, GIBSON, and DAVISON, JJ., concur.