Clarence H. POWELL, Plaintiff in Error,

v.

Henry CHASTAIN, Defendant in Error.

No. 38907.

Supreme Court of Oklahoma.

Feb. 7, 1961.

Hugh M. Bland, Paul E. Gutensohn, Fort Smith, Ark., for plaintiff in error.

Bob Perdue, Wilburton, M. C. Spradling, Tulsa, for defendant in error.

DAVISON, Justice.

This action was instituted by Clarence H. Powell against Henry Chastain to recover an undivided one-half interest in and to certain described lands located in Haskell County, Oklahoma, and to establish a trust thereon for the benefit of plaintiff and accounting of rents and profits. The parties will be referred to as they appeared in the lower court.

This is the second time these parties and the subject matter of the action have been before this court. Plaintiff had filed a prior suit against the defendant numbered 9624, in the District Court of Haskell County, in which plaintiff sought similar relief. In that action the trial court sustained the equivalent of a demurrer to plaintiff's petition based on failure of the petition to state a cause of action and the bar of the statute of frauds. The plaintiff elected not to amend his petition and the trial court dismissed the action and plaintiff appealed to this court.

This court passed upon that appeal in Powell v. Chastain, Okl., 318 P.2d 859, promulgated November 26, 1957, and affirmed the judgment of the lower court in sustaining the demurrer and dismissing the action upon plaintiff electing not to amend his petition. In that decision we pointed out the respects and deficiencies whereby the petition failed to state a cause of action.

Reference is made to that decision for the facts and circumstances involved in the first action (No. 9624) and disposition made thereof on appeal.

On November 15, 1958, and within one year after our decision in Powell v. Chastain, supra, plaintiff filed the present action. The petition contains substantially all of the allegations set forth in the petition in No. 9624. The petition elaborates and enlarges as to the acts and agreements of the parties by alleging the acts of plaintiff in contacting and negotiating with the owners of the land for purchase thereof; the later contact of plaintiff with the defendant and their oral agreement that in consideration of plaintiff's past and future services defendant would supply the funds to buy the land and take title in both their names and upon later sale the net profit to be divided equally; that plaintiff relied thereon and continued to act in reliance on the agreement. The petition realleged breach of the agreement by defendant taking title in his name alone and further that plaintiff procured a sale at a profit but defendant refused to sell and retained title with the intention of cheating, defrauding and depriving plaintiff of his interest in the property. The petition further alleged the prior filing of suit No. 9624 and the disposition thereof by the trial court and by this court in Powell v. Chastain, supra, and that plaintiff relied on 12 O.S.1951 § 100, in bringing the instant action. Plaintiff prayed he be decreed the owner of a one-half interest in the land and that defendant held the title in trust for plaintiff and defendant as tenants in common and for an accounting of the rents and profits.

Defendant's answer and amendment to answer made general denial and a plea of bar by the statute of frauds and res judicata, bar and estoppel by reason of No. 9624 and the disposition made of such cause by the trial court and this court as above related. Defendant also filed motion for judgment on the pleadings on the above grounds.

When the case came on for trial the defendant objected to the introduction of any evidence on the grounds of failure of the petition to state a cause of action, the statute of frauds and the bar of prior adjudication. The trial court overruled the objection but reserved further consideration of the objection. At the close of plaintiff's evidence the defendant again urged his objection and motion and the court after consideration thereof sustained the defendant's objection and dismissed the plaintiff's petition. Plaintiff has perfected his appeal to this court.

Under our view of this matter it is only necessary that we consider the validity of one of the grounds given by the trial court in dismissing the plaintiff's petition.

Plaintiff contends the matters in controversy have never been finally adjudicated on the merits and since plaintiff failed in the first action (No. 9624) otherwise than on the merits, that under the provisions of 12 O.S.1951 § 100, plaintiff may commence a new action within one year after such failure.

Defendant contends that the order and judgment given in the first action (No. 9624) sustaining objection to the introduction of evidence and dismissing that action upon refusal of plaintiff to amend, and affirmance of the same in Powell v. Chastain, supra, constitutes a judgment on the merits and is a bar to the later action which is the subject of this appeal.

█ In Powell v. Chastain, supra, we said an objection to the introduction of any evidence is equivalent to a demurrer to the petition. In that decision our affirmance of the action of the lower court was based upon the proposition that plaintiff's petition did not state a cause of action. The petition in the instant case is based on the same cause of action with additional allegations relating the matters and things which our prior decision stated were lacking in the first petition.

█ From a reading of plaintiff's brief it appears that plaintiff believes that the fact that he appealed from the ruling of the trial court in No. 9624 was effective to preserve to him greater rights relative to

maintaining the present action than he would have had if he had failed to prosecute the appeal. This is not correct. This is merely a proposition of finality of a judgment. If plaintiff had not appealed in No. 9624 the judgment therein would have been final. The fact that he did appeal and this court affirmed the lower court does not render the judgment any less final but in fact renders it final and conclusive on the parties. Methvin v. Methvin, 191 Okl. 177, 127 P.2d 186.

There is presented the question of whether the order in No. 9624 sustaining a general demurrer to plaintiff's petition may be set up by defendant as a bar to the present suit on the same cause of action.

In Martin v. Jackson, Okl., 261 P.2d 878, a defendant's demurrer had been sustained to Martin's petition in a prior suit for failure to state a cause of action and the suit dismissed. Martin then filed a later suit against the same party with additional allegations in his petition. The court held that the later suit was barred. Martin appealed. In affirming the lower court we stated at page 881 as follows:

"* * * This Court has held that an order sustaining a general demurrer and dismissing the action is such judgment as will be considered a judgment 'on the merits'. In the case of Christner v. Christner, 203 Okl. 581, 224 P.2d 594, 596, it was said in the body of the opinion.

"'The effect of sustaining a demurrer to a petition and dismissing the action upon the refusal of plaintiff to replead is the same as if the case had been tried by a court and jury and issues found for defendant. Custer v. Kroeger, 313 Mo. 130, 280 S.W. 1035, 44 A.L.R. 1328. To the same effect are annotations following 13 A.L.R. 1104 and 106 A.L.R. 437. The Oklahoma cases are annotated in both the A.L.R. citations. We know of no authority to the contrary and none are cited.'"

In Dickson v. Mackey, 108 Okl. 11, 233 P. 423, Dickson had filed a prior suit for specific performance of an alleged contract to convey land based on letters and telegrams. Demurrers were sustained to the petition because of failure to state a cause of action and, on failure of plaintiff to amend, the suit was dismissed. Dickson filed a later suit for the same relief based on the same facts and further pleading a telegram of acceptance which had not been set out in the first suit. Dickson appealed from a judgment for defendants. In the cited case (233 P. at page 425) we said:

"* * * But plaintiff in error further says that the original petition, while it pleaded the same alleged cause of action for specific performance, it failed to plead a certain telegram of acceptance—which was the last link in the chain of correspondence of which he says the contract was composed, and in the instant suit he pleads the telegram. This makes no difference, for that where a subsequent action is upon the same cause of action, not only the facts pleaded in the former suit are concluded, but all material facts which might have been presented as constituting the claim or defense. Miller v. Belvy Oil Co., 8 Cir., 248 F. 83, 160 C.C.A. 223, and cases therein cited. This last contention made in the brief of plaintiff in error belies all suggestion theretofore made that the judgment on the demurrers in the former suit went to technical matters solely and not to the merits."

Also see Kiniry v. Davis, 82 Okl. 211, 200 P. 439 and Funk v. First National Bank of Miami, 185 Okl. 604, 95 P.2d 589.

Plaintiff has cited numerous decisions in an effort to show he failed in No. 9624 "otherwise than upon the merits". These decisions are not in point because they in-

**340**

volve factual situations different from that presented in this appeal and which are recognized as not being a failure on the merits of the controversy. Illustrative of these situations and the governing rule of law is statement in the case of Hutchings v. Zumbrunn, 86 Okl. 226, 208 P. 224, 226, in which we quoted with approval as follows:

"'A judgment upon a demurrer which is based upon formal or technical defects of pleadings, a lack of jurisdiction, a misjoinder of parties, or the like, as it does not involve the merits of the controversy, cannot be made available as res judicata.'"

Among the inapplicable decisions cited by plaintiff reflecting situations not constituting previous failure on the merits are Haught v. Continental Oil Co., 192 Okl. 345, 136 P.2d 691 (non-joinder of party plaintiff); Town of Cross v. De Roberts, 51 Okl. 765, 155 P. 496, (plaintiff misconceived his remedy); Centorp Corporation v. Gulf Production Corporation, 183 Okl. 436, 83 P.2d 181 (striking cross-petition in lien foreclosure action without prejudice); Tulsa Rig, Reel & Mfg. Co. v. Arnold, 94 Okl. 120, 221 P. 19 (plaintiff misconceived his remedy); City of Tulsa v. Myrick, 184 Okl. 229, 86 P.2d 623; Lisle v. Anderson, 61 Okl. 68, 159 P. 278, L.R.A.1917A, 128 (authorized dismissal without prejudice after demurrer sustained to petition); Meshek v. Cordes, 164 Okl. 40, 22 P.2d 921 (want of jurisdiction in court).

It is our conclusion under the authorities cited that in No. 9624 plaintiff failed on the merits and is barred from filling and maintaining the present suit. It was necessary that plaintiff show that he failed "otherwise than upon the merits" in order to avail himself of the right to commence a new action under the provisions of Title 12 O.S.1951 § 100. That he has not done.

Affirmed.