944 F.2d 906
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Collins OKONKWO, Defendant-Appellant.
 No. 90-2326.
 United States Court of Appeals, Sixth Circuit.
 Sept. 12, 1991.
 
 Before BOYCE F. MARTIN, Jr. and DAVID A. NELSON, Circuit Judges, and JARVIS, District Judge.*
 PER CURIAM.
 
 
 1
 Collins Okonkwo appeals the sentence imposed by the district court following his guilty plea for unlawful importation of heroin in violation of 21 U.S.C. §§ 952, 960 and for escape from lawful custody in violation of 18 U.S.C. § 751. Specifically, Okonkwo challenges the district court's decision not to grant him a two-level reduction in his base offense for acceptance of responsibility pursuant to § 3E1.1(a) of the Sentencing Guidelines. For the following reasons, we affirm.
 
 
 2
 Okonkwo was arrested on July 3, 1990 for attempting to smuggle approximately 420 grams of heroin into the Detroit, Michigan area from Canada via the Windsor tunnel. Apparently, Okonkwo had ingested sixty egg-shaped objects each of which contained heroin. Following his arrest, Okonkwo was indicted for possession with intent to distribute heroin and for the importation of heroin. The court ordered that Okonkwo be detained pending trial. On August 1, 1990, Okonkwo escaped from custody at the Wayne County Jail where he was being held pending trial. Although the record is not entirely clear as to the circumstances surrounding his escape, it appears that Okonkwo simply walked out of the jail uncontested after his cell door was left unlocked. Okonkwo was subsequently apprehended and indicted for escape in addition to the two earlier controlled substance violations.
 
 
 3
 On September 14, 1990, Okonkwo entered into a plea agreement in which he pled guilty to the charges of importation of heroin and escape. The plea agreement stated that "[t]he parties have not reached agreement" as to acceptance of responsibility and left the resolution of that issue to the district court. The plea agreement also required Okonkwo to provide the government with substantial assistance in, among other things, identifying his source of supply of heroin and his intended destination of the heroin and those who helped him escape from the Wayne County Jail. At his sentencing hearing, the district court heard arguments from counsel regarding the applicability of the acceptance of responsibility provision of the Sentencing Guidelines. The district court determined the Okonkwo was not entitled to a two-level reduction for acceptance of responsibility and sentenced him to effectively 108 months imprisonment. Thereafter, Okonkwo timely appealed.
 
 
 4
 This appeal raises one issue: Did the district court err in not granting Okonkwo a two-level reduction in his base offense for acceptance of responsibility. Okonkwo points to Application Note 3 to § 3E1.1(a) (Acceptance of Responsibility) in arguing that he was entitled to the reduction:
 
 
 5
 Entry of a plea of guilty prior to the commencement of trial combined with truthful admission of involvement in the offense and related conduct will constitute significant evidence of acceptance of responsibility for the purposes of this section. However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility.
 
 
 6
 United States Sentencing Commission, Guidelines Manual, § 2D1.1, comment. (n. 3) (Nov. 1990). To be sure, the fact that Okonkwo entered a guilty plea prior to trial coupled with his statement of remorse at the sentencing hearing cuts in favor of the applicability of this provision. However, the fact that Okonkwo escaped from custody cuts in the opposite direction. Even though Okonkwo's "escape" was nothing more than him walking out of the jail, Okonkwo admitted at the sentencing hearing that he did so with the knowledge that he was not free to leave. Furthermore, Okonkwo was apprehended while in the state of Kentucky which, at a minimum, raises the inference that Okonkwo was attempting to put a great deal of real estate between him and the state of Michigan.
 
 
 7
 The record reveals that the district court considered this conflicting evidence and determined that "under all the circumstances, including the escape, the fact that he had to be re-arrested, that he was leaving," Okonkwo was not entitled to the two-level reduction. Because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility," Guidelines Manual, § 3E1.1, comment. (n. 5), our review of this issue is limited; a district court's factual findings as to the question of a defendant's acceptance of responsibility enjoys the protection of a 'clearly erroneous' standard of review. United States v. Carroll, 893 F.2d 1502, 1511 (6th Cir.1990); United States v. Wilson, 878 F.2d 921 (6th Cir.1989) (quoting United States v. Thomas, 870 F.2d 174, 176 (5th Cir.1989)). Thus, the question is not whether we would have reached the same conclusion as did the district court, but rather whether the district court's factual finding as to this issue is clearly erroneous. The district court was entitled to consider the fact that Okonkwo escaped from custody as evidence of his lack of acceptance of responsibility, see United States v. Cox, 921 F.2d 772 (8th Cir.1991), therefore the conclusion reached by the district court cannot be said to be clearly erroneous.
 
 
 8
 For the foregoing reasons, the sentence imposed by the district court is affirmed.
 
 
 
 *
 The Honorable James H. Jarvis, United States District Judge for the Eastern District of Tennessee, sitting by designation