982 F.2d 529
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gene E. MEULI, Plaintiff-Appellant,
v.
FARM CREDIT SERVICES OF MANHATTAN; Farm Credit Bank of
Wichita; Small Business Administration, Wichita; United
States of America; Clay David Woolfolk; Preston Klick;
Lowell Kohlmeier; Marcia Hayes; Dale Kauffman; Leroy
Hoffman, Sr.; Leroy Hoffman, Jr.; Gene Hoffman; Clayton
Hunter; Does and Roes, 1-20, Defendants-Appellees.
 No. 92-3058.
 United States Court of Appeals, Tenth Circuit.
 Dec. 18, 1992.
 
 Before McKAY, Chief Judge, and SEYMOUR and PAUL KELLY, Jr., Circuit Judges.*
 ORDER AND JUDGMENT**
 PAUL KELLY, Jr., Circuit Judge.
 
 
 1
 Plaintiff Gene E. Meuli appeals from an order of the district court dismissing his case. We affirm.
 
 
 2
 In several state and federal actions, defendants Farm Credit Services, Farm Credit Bank, and the Small Business Administration foreclosed on several mortgages covering Mr. Meuli's property. The Hoffman defendants purchased the property, after Mr. Meuli failed to exercise his redemption rights.
 
 
 3
 Mr. Meuli then brought this action in federal district court in which he alleged that the lending institution defendants and their officers, also named as defendants, induced him, by fraud and misrepresentations, to sign away his homestead rights in violation of the Uniform Commercial Code. Mr. Meuli also claimed unjust enrichment by the Hoffmans because they harvested and sold the crops he had planted. He accused the United States of contributory negligence.
 
 
 4
 The district court dismissed the action. Mr. Meuli filed a motion for reconsideration. The court denied that motion and awarded costs as a sanction.
 
 
 5
 We review the district court's dismissal of an action for failure to state a claim de novo. See Dababneh v. FDIC, 971 F.2d 428, 431 (10th Cir.1992). We review the district court's award of costs under an abuse of discretion standard. See Riggs v. Scrivner, Inc., 927 F.2d 1146, 1149 (10th Cir.), cert. denied, 112 S.Ct. 196 (1991). Upon review of the record, the parties' briefs on appeal, and the district court's order, we affirm the district court's judgment for substantially the reasons stated therein.
 
 
 6
 We do point out, as did the district court, that Mr. Meuli should have asserted his claims in the prior foreclosure actions. Mr. Meuli's claims are properly characterized as affirmative defenses and compulsory counterclaims which cannot now be brought in a subsequent proceeding. See Loving v. Federal Land Bank, 766 P.2d 802, 804 (Kan.1988); cf. Neville v. Hennigh, 522 P.2d 443, 448-49 (Kan.1974).
 
 
 7
 On appeal, Mr. Meuli appears to argue that the district court erred by not adjudicating his claim under Title 12. The Agricultural Credit Act of 1987, 12 U.S.C. §§ 2001-2279aa-14, which was enacted to provide credit assistance to farmers and to strengthen the Farm Credit System, does not provide for a private right of action. See Griffin v. Federal Land Bank, 902 F.2d 22, 24 (10th Cir.1990).
 
 
 8
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 9
 The mandate shall issue forthwith.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3