986 F.2d 1430
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
David R. JENSEN, Defendant-Appellant,
and
Celia N. Jensen, Barbara Jean Jensen Keister, Defendants.
 No. 91-4224.
 United States Court of Appeals, Tenth Circuit.
 Dec. 29, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant-Appellant Daryl R. Jensen, with his wife, Celia Jensen, and his daughter, Barbara Keister, appeals pro se the judgment of the United States District Court for the District of Utah reducing federal tax assessments to judgment and setting aside the transfer of Jensen's residence as a fraudulent conveyance. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 Mr. Jensen failed to pay federal income tax from 1981 through 1985. The Internal Revenue Service ("IRS") issued certificates of assessments showing that Jensen owed tax liabilities for those years. In 1983, Jensen transferred by warranty deed his only valuable property--real property located at 5507 Karma Avenue in West Valley City, Utah--to his wife and daughters. This property thereafter was transferred twice more, ultimately being owned by Celia Jensen and Barbara Keister as joint tenants. All individuals involved explained that these transfers, lacking any consideration whatsoever, were made to avoid probate and thus were legitimate exercises in estate planning.
 
 
 4
 On February 15, 1990, the IRS brought suit to reduce the tax assessments to judgment and to set aside the various 1983-1985 conveyances of Jensen's Karma Avenue residence under Utah Code Ann. § 25-1-7 (1969). The IRS prevailed on both items. Jensen makes the following arguments on appeal: (1) his trial attorney rendered ineffective assistance of counsel; (2) the government failed to establish certain facts necessary for jurisdiction over tax assessments; and (3) the district court erred by determining that the conveyances of Jensen's property were fraudulent.
 
 
 5
 First, we find Jensen's ineffective assistance claim to be without merit. Jensen clearly had no Sixth Amendment right to counsel in these civil proceedings, see MacCuish v. United States, 844 F.2d 733, 735 (10th Cir.1988), and we can find no authority for a Fifth Amendment right to counsel under these circumstances, see Father & Sons Lumber & Bldg. Supplies v. NLRB, 931 F.2d 1093, 1097 (6th Cir.1991). Thus, Jensen cannot complain about the competence of his chosen counsel in this case.
 
 
 6
 Second, we find that the government satisfactorily established the necessary jurisdictional elements in this case. Pursuant to 26 U.S.C. § 7401, "[n]o civil action for the collection or recovery of taxes ... shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced." Pursuant to 26 U.S.C. § 7403(a), the government may subject property to the payment of tax when directed by the Attorney General or his delegate, at the request of the Secretary. In the Pretrial Order entered November 20, 1990, the parties stipulated that the action was "brought at the direction of the Attorney General of the United States and at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, pursuant to Sections 7401 and 7403 of the Internal Revenue Code."
 
 
 7
 "Generally, facts agreed to by the parties to litigation and established by pretrial order, are to be considered facts on the trial, without further evidence, and may be modified at the trial only to prevent manifest injustice." United States v. Sommers, 351 F.2d 354, 357 (10th Cir.1965); see Fed.R.Civ.P. 16(e). Jensen does not argue that the government could not have offered the necessary jurisdictional facts into evidence, only that it did not do so. Certainly, no manifest injustice arises out of the reliance on stipulated facts where those facts would have been proffered but for their stipulation. Although the parties cannot create federal jurisdiction by consent, they clearly can--and in this case did--stipulate to the facts needed to support a legitimate basis for federal jurisdiction. We therefore reject Jensen's jurisdictional challenge.
 
 
 8
 Third, we find that Jensen has waived any argument regarding the fraudulent conveyance issue. "Appellate procedure requires that an appellant's brief shall contain an argument with appellant's contentions with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on." Jordan v. Bowen, 808 F.2d 733, 736 (10th Cir.1987); see Fed.R.App.P. 28(a)(4). Jensen's brief contains the following analysis:
 
 
 9
 On October 8, 1991, the District Court found that the transfer of the subject property should be set aside as a fraudulent conveyance. Jensen's [sic] contends that the District Court erred by ruling that the transfer of property was a fraudulent conveyance. Therefore the District Court judgment should be reversed.
 
 
 10
 Because this argument is completely devoid of any substantive discussion or analysis, even the liberal construction afforded pro se briefs cannot save this issue from a finding of waiver.
 
 
 11
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3