**HUNG DUC BUI, Plaintiff,**

v.

**IBP, INC., Defendant.**

No. 98–4020–SAC.

United States District Court, D. Kansas.

May 3, 2001.

David O. Alegria, McCullough, Wareheim & LaBunker, P.A., Topeka, KS, for plaintiff.

Kathy Perkins Brooks, Stinson, Mag & Fizzell, P.C., Kansas City, MO, Mark D. Hinderks, Stinson, Mag & Fizzell, P.C., Leawood, KS, Michael M. Walker, Avondale, AZ, Thomas E. Wright, Wright, Henson, Somers, Sebelius, Clark & Baker, LLP, Topeka, KS, for defendant.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

This case is before the court on plaintiff's motion to alter or amend judgment. This motion raises two issues: whether the court erred in finding no original jurisdiction over plaintiff's retaliatory discharge claim, and whether the court erred in granting summary judgment on plaintiff's age and ancestry discrimination claims.

Plaintiff's motion to alter or amend was properly filed within ten days of the entry of judgment in this case. *See* Fed.R.Civ.P. 59(e).

Motions to alter or amend give the court an opportunity to correct manifest errors of law or fact, to hear newly discovered evidence or to consider a change in the law. *Committee for the First Amendment v. Campbell,* 962 F.2d 1517, 1523 (10th Cir. 1992); *Renfro v. City of Emporia, Kan.,* 732 F.Supp. 1116, 1117 (D.Kan.1990), *aff'd,* 948 F.2d 1529 (10th Cir.), *cert. dismissed,* 503 U.S. 915, 112 S.Ct. 1310, 117 L.Ed.2d 510 (1992).

■ Plaintiff acknowledges that a motion to alter or amend can be granted only if one of the above criteria is established, yet fails to allege that any of the three is present. (Dk.93, p. 4). Further, plaintiff expressly recognizes that a motion to alter or amend does not permit a losing party to present facts that could have been raised earlier. *Id., citing Brown v. Presbyterian Healthcare Services,* 101 F.3d 1324, 1332 (10th Cir.1996).

## I. Subject Matter Jurisdiction

In its previous order, the court granted summary judgment on all claims over which it had federal question jurisdiction, then declined to exercise supplemental jurisdiction on the plaintiff's state law claim of retaliatory discharge. The court explained to the plaintiff that diversity jurisdiction had not been pled in the pretrial order (Dk.88), and that the court was not at liberty to take judicial notice of the citizenship of the parties for purposes of establishing diversity jurisdiction.

■ Plaintiff first asserts that this court has handled diversity-based claims against this defendant in the past, and therefore should know that the parties are in fact diverse. Plaintiff's invitation to base diversity jurisdiction upon the court's constructive knowledge ignores well-established law that precludes the court from taking judicial notice of such matters. *See Buell v. Sears, Roebuck and Co.,* 321 F.2d 468, 470–71 (10th Cir.1963).

■ Plaintiff next faults the court for the undisputed fact that the pretrial order contains no statement of diversity jurisdiction, nor any facts upon which diversity jurisdiction could be established. Plaintiff shows the court that the proposed pretrial order he submitted to the magistrate judge included a reference to diversity jurisdiction as well as to federal question jurisdiction, (Dk. 93, Exh. 1, p. 1, citing to "28 U.S.C. § 1332, diversity of citizenship."). Plaintiff additionally asserts that at the pretrial conference the defendant admitted that "apparently there is diversity jurisdiction," after which the magistrate judge stated he would "prepare an appropriate" jurisdictional statement for the pretrial order. (Dk.95, p. 3).

Because there was no dispute at the pretrial conference as to the existence of diversity jurisdiction, plaintiff's counsel states he "did not give a second thought" to the jurisdictional statement in the pretrial order. Apparently, plaintiff's defective pleading escaped his notice until the court's summary judgment order brought it to light. The final pretrial order was filed almost one year before this court entered its summary judgment order. Had counsel read the pretrial order, the omission would have been apparent to him.

■ Rule 16 of the Federal Rules of Civil Procedure authorizes the district courts to hold pretrial conferences designed to aid in the disposition of cases, and enter orders subsequent thereto which "control .. the subsequent course of the action, unless modified at trial to prevent manifest injustice." "The office (of the pretrial order) as a procedural tool (is) to insure the economical and efficient trial of every case on its merits without chance or surprise." *Case v. Abrams,* 352 F.2d 193, 195 (10th Cir.1965). It "measures the dimensions of the lawsuit, both in the trial court and on appeal." *American Home Assur. Co. v. Cessna Aircraft Co.,* 551 F.2d 804, 806 (10th Cir.1977), *quoting, Hodgson v. Humphries,* 454 F.2d 1279, 1281 (10th Cir. 1972). The amendment of a pretrial order will be permitted only if necessary to prevent manifest injustice. Fed R.Civ.P. 16(e); *See Keen v. Detroit Diesel Allison,* 569 F.2d 547, 554 (10th Cir.1978). The burden of establishing such manifest injustice falls squarely on the moving party. *Seneca Nursing Home v. Secretary of SRS of Kansas,* 604 F.2d 1309 (10th Cir.1979).

■ The burden rests on counsel, not upon this court or the magistrate judge, to assure that the pretrial order accurately reflects their respective positions regarding this court's jurisdiction, facts, legal theories, and other matters included therein. *See Guaranty Nat. Title Co., Inc. v. J.E.G. Associates,* 101 F.3d 57, 59 (7th Cir.1996) ("it is not the court's obligation to lead counsel through a jurisdictional paint-by-numbers scheme. Litigants who call on the resources of a federal court must establish that the

tribunal has jurisdiction."). In the event counsel fails to ensure that the contents of the pretrial order are in accordance with the discussion at the pretrial conference, counsel bears the risk of inadvertent error by the magistrate judge in finalizing such order. Where such error occurs, counsel's recourse is to timely move to revise the pretrial order, which was not done here, or to be bound by its assertions.

Placing this burden upon counsel is not onerous. In this jurisdiction, pretrial conferences are routinely held by magistrate judges. In this case, as in others, counsel were given ample opportunity to review the pretrial order compiled by the magistrate prior to its submission to this court for signature and filing. The certificate of service on the pretrial order in the court's possession reflects that plaintiff's counsel was notified by mail on September 14, 1999, that "unless the magistrate judge receives objections, corrections, or revisions to the foregoing order on or before the 28th day of September, 1999, the order will be submitted for the Court's signature and filing." Accordingly, plaintiff's counsel had at least two weeks after he was put on express notice of the exact language of the proposed pretrial order to review the pretrial order before it was signed by this court.[1] The cover sheet to the court's copy of the pretrial order additionally reflects that although defendant's counsel did request and receive one change to the proposed order, plaintiff's counsel did not request any changes. (Memo dated Feb. 17, 2000, from Magistrate Judge's Chambers to Judge Crow.) Counsel, and not this court, are thus in the best position to know whether the final pretrial order omits something discussed at the pretrial conference and to timely take action to correct any such omissions.

■ Because the pretrial order "represents a complete statement of all the contentions of the parties," *Trujillo v. Uniroyal Corp.*, 608 F.2d 815, 817 (10th Cir.1979), this court is justified in relying heavily on it in ruling on summary judgment motions and in trying cases. The interests of finality underlying the purposes of a pretrial order are great,[2] and this court is not lightly persuaded to revise pretrial orders by adding after a summary judgment order those matters which could have been corrected earlier by diligent counsel.

■ Although the parties can stipulate to the facts needed to support a legitimate basis for federal jurisdiction, *see United States v. Jensen*, 986 F.2d 1430, 1992 WL 403116 (10th Cir. Dec.29, 1992) (Table), they have not done so here. Mindful of the law that jurisdiction cannot be conferred on this court by consent, inaction or by stipulation, *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir.1974); *Penteco Corp. Ltd. Partnership—1985A v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir.1991); *see Wilshire Oil Co. of Tex. v. Riffe*, 409 F.2d 1277 (10th Cir.1969), the court declines to revise the pretrial order based upon conclusions stated by counsel at the pretrial conference.

■ The situation does pose an interesting issue not raised by the plaintiff, however. Federal law provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653 (1994). The intention of Congress in enacting this statute was to broadly permit amendment of jurisdictional allegations defective in form, not substance, so as to avoid dismissal on technical grounds. *Brennan v. University of Kan.*, 451 F.2d 1287, 1289 (10th Cir.1971).

■ The party seeking the exercise of jurisdiction in his favor "must allege in his pleading the facts essential to show jurisdiction." *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). Mere conclusory allegations of jurisdiction are to be

---

1. This court did not sign and file the pretrial order until February 17, 2000, thus plaintiff's counsel actually had several months to review it for error.

2. " 'A policy of too-easy modification [of pretrial orders] not only encourages carelessness in the preparation and approval of the initial order, but unduly discounts it as the governing pattern of the trial.' " *Perry v. Winspur*, 782 F.2d 893, 896 (10th Cir.1986) (*quoting* Honorable A. Sherman Christenson, The Pretrial Order, 29 F.R.D. 362, 371 (1961)).

ignored. *See Groundhog v. Keeler,* 442 F.2d 674, 677 (10th Cir.1971). Plaintiff has made only conclusory allegations of diversity jurisdiction in pleadings. Plaintiff has not shown the court in his motion to alter and amend or in its lengthy attachments (Dks. 92, 93, & 95) the facts necessary for the court to determine the existence of diversity jurisdiction.

■■■ Where the pleadings are found wanting, however, a court may review the record for evidence that diversity does exist. *Penteco Corp. Ltd. Partnership—1985A v. Union Gas Sys., Inc.,* 929 F.2d 1519, 1521 (10th Cir.1991), citing *Sun Printing & Publishing Ass'n v. Edwards,* 194 U.S. 377, 382, 24 S.Ct. 696, 48 L.Ed. 1027 (1904). Given the unique circumstances of this case which gave rise to the deficient pretrial order, and in an abundance of caution, the court will review the parties' proposed pretrial orders, plaintiff's complaint and defendant's answer in its review of the record [3] for evidence that diversity does exist.

Plaintiff's proposed pretrial order alleges jurisdiction based upon certain federal statutes, and upon "28 U.S.C. § 1332, diversity of citizenship." (Dk. 92 attachment, Exh. 1, plaintiff's proposed pretrial order, p. 1). That document does not set forth the citizenship of either party, however. Defendant's proposed pretrial order recites as the court's jurisdictional basis solely 28 U.S.C. § 1331, and specific federal statutes, making no reference to § 1332 or to the citizenship of either party. (Dk. 92 attachment, Exh. 1, defendant's proposed pretrial order, p. 1).

In a joint proposed pretrial order (Dk. 92 attachment, Exh. 2) submitted to the magistrate the following day, the plaintiff conclusorily asserted that the court had jurisdiction based upon § 1331 and § 1332, but again made no reference to the citizenship of either party. Defendant stated therein its position that jurisdiction was invoked pursuant to § 1331, but made no reference to § 1332 or to the citizenship of the parties.[4] Neither the plaintiff's proposed pretrial order, nor the defendant's proposed pretrial order, nor the joint proposed pretrial order, nor the partial transcript of the discussion held at the pretrial conference shows the court the citizenship of the parties.

The court has to go back to the original complaint to find any reference to the residence of the parties. The complaint (Dk.1) alleges jurisdiction pursuant to federal question jurisdiction and "28 U.S.C. § 1332, diversity of citizenship." (Dk.1, p. 1). In support of that assertion, plaintiff alleged that he was "a resident of the State of Kansas," and that the defendant was "a Delaware corporation" which could be served with process through a specified resident agent in Kansas. (Dk.1, p. 2, ¶ 2, 3). No recitation of the plaintiff's residence or of the defendant's principal place of business was made, however. In its answer, (Dk.6), the defendant denied plaintiff's assertion of diversity jurisdiction and further denied that the plaintiff was a resident of Kansas, but admitted the plaintiff's allegations regarding the defendant's status. (Dk.6, p. 1, 2, ¶ 1–4).

■■■ A plaintiff relying on diversity of citizenship to establish jurisdiction must satisfy the requirements of diversity for each defendant or face dismissal. *United States v. Chuska Development Corp.,* 55 F.3d 1491, 1495 (10th Cir.1995). To establish diversity of citizenship of a corporate defendant, the complaint must allege the corporation's state of incorporation and its principal place of business. 28 U.S.C. § 1332. Here, plaintiff's complaint fails to allege the defendant's principal place of business, thus this court cannot base diversity jurisdiction on plaintiff's complaint. *See Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir.1994); *Buell v. Sears, Roebuck & Co.,* 321 F.2d 468, 470–71 (10th Cir.1963). Moreover, while the complaint reflects plaintiff's residence, it contains no allegation as to his state of citizenship. *See Whitelock v. Leatherman,* 460 F.2d 507, 514 (10th Cir.1972) (allegations of residence

---

3. No other record has been submitted to the court to support plaintiff's allegation that diversity jurisdiction is proper.

4. Defendant also made specific objections to jurisdiction based upon plaintiff's alleged non-compliance with certain administrative requirements applicable to Title VII actions, then stated "There are no other objections to jurisdiction." (*Id.,* p. 2).

in complaint are insufficient to show diversity of citizenship); *Andress v. Deasy,* 114 F.3d 1198, 1997 WL 299294 (10th Cir. June 5, 1997) (Table). Plaintiff's complaint fails to establish diversity jurisdiction in federal court.

To date, plaintiff has not shown the court the citizenship of the parties. The pleadings do not contain a defective allegation which may now be cured by amendment as authorized by 28 U.S.C. § 1653, but completely omit the facts essential to establish diversity of citizenship as required by 28 U.S.C. § 1446. This is not a case in which the interests of justice would favor an amendment of the pleadings to correct the defect and to include a proper allegation of jurisdiction. *Compare Adams v. Reliance Standard Life Ins. Co.,* 225 F.3d 1179, 1183 (10th Cir. 2000). Although the requisite diversity may or may not have existed at the time of the initial pleadings, the facts essential to such a finding have never been pleaded or otherwise presented to this court, in derogation of plaintiff's burden to make the requisite allegations of citizenship in his pleadings.

To amend the pretrial order as plaintiff desires would not merely state an alternative jurisdictional basis for recovery upon the facts previously alleged, but would interject the facts requisite to diversity jurisdiction which plaintiff has never included in any pleadings or in the record cited to this court, creating jurisdiction where it did not previously exist. *Compare May Dept. Store v. Graphic Process Co.,* 637 F.2d 1211, 1216 (9th Cir.1980). Plaintiff's counsel did not state the facts necessary to support diversity jurisdiction in his original complaint or in his proposed pretrial order, and did not take advantage of the opportunity to make changes to the proposed pretrial order compiled by the magistrate judge prior to its signature and filing, or to revise the final pretrial order signed by this court. Even in

his motion to alter or amend which addresses this very issue, and its attachments, plaintiff fails to set forth the facts regarding the citizenship of the plaintiff and the defendant. Plaintiff has thus already had at least five opportunities to establish diversity jurisdiction. Amendment is not required where, as here, a party has unduly delayed and repeatedly failed to cure his pleading deficiencies. *See* Fed.R.Civ.P. 15; *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Nor has plaintiff shown that manifest injustice will result in the event he is not permitted to amend. Plaintiff remains free to pursue his state law claims in state court. Under these unique circumstances, plaintiff will not be permitted to cure his pleading defects by submitting an amended pretrial order asserting diversity as an alternative basis for subject matter jurisdiction, or otherwise.[5]

This court lacks original jurisdiction, and reaffirms its decision not to exercise supplemental jurisdiction on the plaintiff's retaliatory discharge claim. Accordingly, the court will not address the merits of plaintiff's motion to alter and amend regarding his state law claims.

## II. Age and Ancestry Claims

Plaintiff takes issue with the court's grant of summary judgment on plaintiff's age and ancestry claims solely because plaintiff believes that it had no burden to produce evidence in support of the fourth element of its prima facie case. Plaintiff concedes that the fourth element in establishing a prima facie case of age or ancestry discrimination is that the job previously held by plaintiff was not eliminated after his discharge (ancestry) or was filled by a younger person (age). Plaintiff further concedes that he did not cite any evidence regarding the fourth element. Plaintiff contends that this element was

---

**5.** Nor will the court accept a subsequent motion or stipulation setting forth the facts essential to establish diversity jurisdiction. Plaintiff has had multiple opportunities to plead properly, and has failed to do so. No additional opportunity will be given now. *See Limerick v. Greenwald,* 749 F.2d 97, 100 n. 2 (1st Cir.1984) ("Appellants' repeated efforts to amend the complaint here, including the most recent efforts in their brief

and in post briefing motions are denied. We do not think that 28 U.S.C. § 1653 is meant to allow brand new jurisdictional theories and causes of action on appeal. Even if it were, the proposed amendments are far too late. Litigation is not evolutionary. The time to prepare one's case is before the complaint is filed not as the need unfolds.")

nonetheless uncontested, and that the court somehow should have known that the element was uncontested, or shifted to the defendant the burden to negate the element.

Plaintiff's argument demonstrates a fundamental lack of understanding as to the burden-shifting analysis this court must apply when judging summary judgment motions. Here, the defendant met its initial burden of making a prima facie showing of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law by showing the court the lack of evidence for the nonmovant on an essential element of the nonmovant's claim. "A movant that will not bear the burden of persuasion at trial need not negate the nonmovant's claim." *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir.1998). The burden then shifts to the nonmovant to identify the specific facts in the record that would be admissible in evidence from which a rational trier of fact could find for the nonmovant. *Id.* Fed. R.Civ.P. 56(e). "The natural consequence of this shifted burden of production to the nonmovant is, of course, that the nonmovant must produce." *Id,* at 671, n. 1. "The nonmovant acts, or fails to act, at its peril. The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." *Id.,* at 672.

■ Here, the court not only correctly held that the plaintiff failed to present any evidence whatsoever regarding this element, but also reviewed the record presented to the court but not cited by the plaintiff in an effort to determine the facts relating to the fourth element. The court found none. Plaintiff has not presented any newly discovered evidence in support of this motion relating to the fourth element, or cited the court to any evidence previously submitted by a party but overlooked by the court. In the court's review of the record, it found no other evidence raising any inference of ancestry or age discrimination. Plaintiff cannot survive summary judgment on his claims of ancestry or age discrimination without having made a prima facie case thereof. No reason to alter or amend the court's judgment has been shown.

IT IS THEREFORE ORDERED THAT plaintiff's motion to alter or amend judgment (Dk.92) is denied.