**Hung Duc BUI, Plaintiff,**

v.

**IBP, INC., Defendant.**

**Case No. 01–2388–SAC.**

United States District Court,
D. Kansas.

April 4, 2002.

David O. Alegria, McCullough, Wareheim & LaBunker, P.A., Topeka, KS, for Plaintiff.

Kathy Perkins Brooks, Constangy, Brooks & Smith, L.L.C., Kansas City, MO, Patricia A. Konopka, Stinson Morrison Hecker LLP, Kansas City, MO, for defendant.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

This case comes before the court on defendant's motion to dismiss or, alternatively, motion for summary judgment. In this case, plaintiff asserts a state law claim of retaliatory discharge, and a violation of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"). Defendant alleges that the state law claim is barred by the doctrine of collateral estoppel, and that the FMLA claim is barred by the applicable statute of limitations.

## SUMMARY JUDGMENT STANDARD

More than a "disfavored procedural shortcut," summary judgment is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.' Fed.R.Civ.P. 1." *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265(1986). At the same time, a summary judgment motion does not empower a court to act as the jury and determine witness credibility, weigh the evidence, or choose between competing inferences. *Windon Third Oil and Gas Drilling Partnership v. Federal Deposit Ins. Corp.,* 805 F.2d 342, 346 (10th Cir. 1986), cert. denied, 480 U.S. 947, 107 S.Ct. 1605, 94 L.Ed.2d 791(1987).

Under this standard, this court examines the record to determine whether any genuine issue of material fact is in dispute, construing the factual record and reasonable inferences therefrom in the light most favorable to the nonmoving party. *See Curtis v. Oklahoma City Pub. Schs. Bd. of Educ.,* 147 F.3d 1200, 1214 (10th Cir.1998). When the nonmovant will bear the burden of proof at trial, he can survive summary judgment only by going beyond the pleadings and presenting evidence sufficient to establish the existence, as a triable issue, any essential and contested element of his

case. See *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir.1998).

## FACTS

Because the issues raised on summary judgment are procedural in nature, it is unnecessary to set forth the undisputed facts.

An understanding of the procedural history of a related case is, however, important to resolution of this case.

Plaintiff's state law claim for retaliatory discharge was previously asserted in another case which this court decided between these same parties. *Hung Duc Bui v. IBP, Inc.*, 201 F.R.D. 509 (D.Kan.2001) (*Bui I*). In *Bui I*, this court dismissed plaintiff's state law claim of retaliatory discharge for lack of subject matter jurisdiction because plaintiff failed to plead diversity jurisdiction in the final pretrial order, or to otherwise establish the factual basis for diversity jurisdiction. Plaintiff moved the court to alter or amend its ruling, and submitted additional evidence in support of its assertion that diversity jurisdiction existed. The court considered plaintiff's brief and all its attachments, but found that plaintiff once again failed to establish the diversity of the parties. Plaintiff's appeal of the decision dismissing *Bui I* for lack of jurisdiction is still pending.

Plaintiff then filed the present case in Kansas City, Kansas based upon the same facts, involving the same parties and targeting the same transactions as *Bui I*, in what appears to be not only an attempt to cure the pleading deficiencies found fatal in *Bui I*, but also an attempt to get a different judge assigned to the case. Over plaintiff's objection, (Dk.13, 14), this case has recently been reassigned from Kansas City to this court. Other facts necessary to resolution of the issues will be set forth in the analysis which follows.

## ANALYSIS

### I. Statute of Limitations—FMLA Claim

■ Defendant contends that plaintiff's newly asserted FMLA claim is barred by the applicable statute of limitations, whether found to be two or three years.[1] It is uncontested that plaintiff was discharged on February 3, 1997, and that under the circumstances of this case, the statute of limitations began to run on that date. It is further undisputed that this case was filed on August 7, 2001, more than three years after that date.

Plaintiff's sole argument in support of his claim that the statute of limitations does not bar his FMLA claim is that pursuant to Fed.R.Civ.P. 15, the claim should "relate back" to the date he filed *Bui I*, rendering his suit timely. Rule 15 states in pertinent part:

> An amendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading ...

Fed.R.Civ.P. 15(c)(2).

■ Plaintiff cites no cases, and the court has found none, supporting his unusual assertion that Rule 15 should be applied to permit a pleading in one case to "relate back" to a pleading in a separate case. The plain language of the rule, by use of the word "amended," affronts the interpretation plaintiff would have this court adopt. See Black's Law Dictionary, 6th Ed., 1990, p. 80 (defining "amend").

---

1. The Act provides that a plaintiff has two years from the date of the last adverse action in violation of the Act to bring a claim upon that violation, and further provides that the applicable time period is extended to three years if the plaintiff can prove that the violation was "willful." See 29 U.S.C. § 2617(c).

The rule permits amended pleadings to relate back to original pleadings in the same case, not in a separate one.

Further, the Tenth Circuit has held that Rule 15 has no application where a party does not seek to "amend" or "supplement" the original pleading, but rather files a separate lawsuit. In Benge v. United States, 17 F.3d 1286 (10th Cir.1994), a plaintiff argued that the filing of plaintiffs' second complaint should relate back to the filing of their first complaint which had been dismissed for lack of proper service of process. The Tenth Circuit summarily rejected this assertion, stating that "a separately filed claim, as opposed to an amendment or a supplementary pleading, does not relate back to a previously filed claim. (citations omitted)." 17 F.3d at 1288. Thus in Benge, plaintiff's claims were found to be time barred.

Plaintiff's FMLA claim in this case shall suffer the same fate. The court cannot reasonably construe plaintiff's complaint in the present case as an "amendment" to plaintiff's original pleading in Bui I or in any other case. Plaintiff's untimely assertion of his FMLA claim is not saved by the relation back doctrine set forth in Fed. R.Civ.P. 15, but is barred by the statute of limitations, whether it be two or three years.

## II. Collateral Estoppel—State Law Claim

Defendant next contends that plaintiff's state law claim for retaliatory discharge is barred by the doctrine of collateral estoppel. Defendant alleges that this court's dismissal of that claim for lack of subject matter jurisdiction in Bui I should be given preclusive effect in this case.

■ "The preclusive effect given in federal court to a prior federal decision is subject to federal law." Dodge v. Cotter Corp., 203 F.3d 1190, 1197 (10th Cir.), cert denied, 531 U.S. 825, 121 S.Ct. 71, 148 L.Ed.2d 35 (2000). This rule applies even when jurisdiction in the federal courts is based on diversity jurisdiction. See Matosantos Commercial Corp. v. Applebee's Intern., Inc., 245 F.3d 1203, 1207 (10th Cir. 2001); Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001) (finding claim-preclusive effect of a federal diversity judgment a question of federal law, and stating that claim-preclusive effect of all federal judgments is a question of federal law ultimately decided by the Supreme Court).

■ The Tenth Circuit's collateral estoppel requirements are:

(1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

Dodge, 203 F.3d at 1198. The parties do not contend that any other collateral estoppel analysis should apply.

It is undisputed that plaintiff's retaliatory discharge claim in this case is identical to the claim plaintiff asserted and this court dismissed in Bui I. It is also undisputed that there is an identity of parties in this suit and Bui I. Plaintiff argues that the present suit is not barred because his state law claim was dismissed in Bui I "without prejudice," and because he lacked a full and fair opportunity to litigate the jurisdictional issue in that case.

### Full and fair opportunity to litigate

■ Plaintiff contends that he lacked a full and fair opportunity to litigate the relevant issue in Bui I because the court raised sua sponte the issue of subject matter jurisdiction. Plaintiff correctly states that the issue was not briefed in the initial summary judgment briefs and was not

raised by any party. Plaintiff further states that jurisdiction was not an issue which he anticipated would have a preclusive effect upon the merits of his claim of retaliatory discharge.

The Tenth Circuit addressed the contours of the "full and fair opportunity" requirement in *Matosantos*, stating:

In the context of a defendant's motion for summary judgment, a plaintiff has a full and fair opportunity to litigate if it is allowed to submit evidence to defeat a motion for summary judgment. (citation omitted.) 18 Charles Alan Wright, et al., Federal Practice and Procedure § 4419 (1981) ("It is clear enough that issue preclusion generally is appropriate if some effort is made to litigate the issue, but the evidence introduced is held insufficient to carry the burden of persuasion or even the burden of production.").

*Matosantos*, 245 F.3d at 1211.

 Here, plaintiff knew or should have known that a district court may, at any time, and without motion by a party, examine or reexamine the issue of its subject matter jurisdiction. See Fed.R.Civ.P. 12(h)(3) ("[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action"); *United States ex rel. King v. Hillcrest Health Center, Inc.*, 264 F.3d 1271, 1281–82 (10th Cir.2001). Additionally, this court is vested with discretion to determine procedure upon the issue of subject matter jurisdiction. *United States ex rel. Precision Co. v. Koch Industries, Inc.*, 971 F.2d 548, 551 n. 1(10th Cir.) ("Because there is no statutory direction for procedure upon

an issue of jurisdiction, the mode of its determination is left to the trial court." (quotation omitted)), *cert. denied*, 507 U.S. 951, 113 S.Ct. 1364, 122 L.Ed.2d 742 (1993).

In *Bui I*, the court raised and ruled upon the jurisdictional issue, sua sponte. It is true that until that point, plaintiff had not briefed or addressed the issue. After jurisdiction was found lacking, however, plaintiff had an opportunity to present facts by affidavit or otherwise in support of his jurisdictional contention through his motion to alter and amend, which plaintiff did.[2] Plaintiff submitted not only an opening brief, but also a reply brief solely addressing the issue of jurisdiction. The court fully considered all of the evidence submitted in support of plaintiff's motion to alter and amend, and issued a lengthy decision which considered plaintiff's evidence de novo, but found no basis for diversity jurisdiction.

Plaintiff's submission of two briefs (Dks. 93 and 95) complete with lengthy evidentiary attachments thereto, which addressed solely the jurisdictional issue, reflects that plaintiff made an effort to litigate the jurisdictional issue in *Bui I*. The court found that plaintiff's submissions failed to demonstrate the facts necessary for the court to determine that the parties were diverse, then in an abundance of caution reviewed the entire record for evidence of the same, but found none. Under these circumstances, plaintiff had a full, fair opportunity to litigate the jurisdictional issue in *Bui I*, and fully availed himself of that opportunity. Plaintiff need not be given yet another opportunity to do so.[3] See *Sherrer v.*

---

**2.** The court did not hold an evidentiary hearing because oral statements would add nothing to the issue that could not be addressed by affidavits.

**3.** Plaintiff's response to the summary judgment motion in this case bears striking similarity to his motion to alter and amend in *Bui I* and his appeal therefrom, revealing an apparent attempt to relitigate the jurisdictional issue already decided in *Bui I*.

*Sherrer,* 334 U.S. 343, 348, 68 S.Ct. 1087, 92 L.Ed. 1429 (1948) ( "[T]here is nothing in the concept of due process which demands that a defendant be afforded a second opportunity to litigate the existence of jurisdictional facts.").

**Final adjudication on the merits**

■ Plaintiff additionally asserts that because the court dismissed his state law claim "without prejudice," the dismissal cannot have any collateral estoppel effect. Plaintiff claims that because the merits of his claim were not adjudicated, he is free to refile the complaint as if it had never been filed. Defendant contends, however, that although the merits of plaintiff's retaliatory discharge claim were not adjudicated, the jurisdictional issue was decided on its merits, barring plaintiff from proceeding on the basis of diversity jurisdiction in the present suit.

■ The usual meaning of the phrase "without prejudice" is "without prejudice as to the substantive cause of action ... [but] with prejudice on the issue ... 'which was litigated in the prior action.'" *In re Kauffman Mutual Fund Actions,* 479 F.2d 257, 267 (1st Cir.), cert. denied, 414 U.S. 857, 94 S.Ct. 161, 38 L.Ed.2d 107 (1973) (quoting Restatement of Judgments § 49, comment b, at 195 (1942)).

■ The court recognizes that a judgment dismissing an action for lack of jurisdiction ordinarily has no preclusive effect on the cause of action originally raised. See Fed.R.Civ.P. 41(providing that a dismissal for lack of jurisdiction will not operate as an adjudication on the merits.) The judgment ordering dismissal, will, however, have preclusive effect as to matters actually adjudicated, including the precise issue of jurisdiction that led to the initial dismissal. *Matosantos,* 245 F.3d at 1209 (holding that collateral estoppel barred second action in federal court where first action in another federal court had been dismissed for lack of personal jurisdiction;

rejecting argument that Rule 41(b) allows issues decided in a jurisdictional dismissal to be relitigated in another proceeding.); see *Kasap v. Folger Nolan Fleming and Douglas, Inc.,* 166 F.3d 1243 (D.C.Cir. 1999) ("even a case dismissed without prejudice has preclusive effect on the jurisdictional issue litigated.")

The court has no hesitancy in finding that the bar of collateral estoppel may apply to the issue of subject matter jurisdiction in this case, despite the fact that the court stated that its order was "without prejudice" to the merits of plaintiff's state law claim. See *North Georgia Elec. Membership Corp. v. City of Calhoun, Georgia,* 989 F.2d 429, 432–33 (11th Cir. 1993) (dismissal of prior suit for lack of subject matter jurisdiction bars relitigation of jurisdictional question); *GAF Corporation v. United States,* 818 F.2d 901, 912–13 (D.C.Cir.1987) (judgment ordering dismissal for lack of jurisdiction will preclude relitigation of precise issue of jurisdiction that led to initial dismissal); *Oglala Sioux Tribe v. Homestake Mining Co.,* 722 F.2d 1407, 1411–1413 (8th Cir.1983) (dismissal of suit for lack of federal subject matter jurisdiction precludes relitigation of the same issue of subject matter jurisdiction in second federal suit on same claim); *Boone v. Kurtz,* 617 F.2d 435, 436 (5th Cir.1980) (per curiam) (dismissal of complaint for lack of jurisdiction does not adjudicate the merits so as to make the case res judicata on the substance of the asserted claim, but does adjudicate the court's jurisdiction, and a second complaint cannot command a second consideration of the same jurisdictional claims.) The more difficult issue is whether an exception to the rule of collateral estoppel should apply.

■ The Tenth Circuit has recognized the "curable defect" exception to the rule that a judgment ordering dismissal will have preclusive effect as to jurisdictional

matters actually adjudicated. *See e.g., Eaton v. Weaver Mfg. Co.*, 582 F.2d 1250, 1256 (10th Cir.1978) (finding state court's determination of lack of personal jurisdiction over a party not a "curable defect," thus precluding relitigation of that issue in subsequent federal litigation on the same cause of action). As stated in *Stewart Securities Corp. v. Guaranty Trust Co.*, 597 F.2d 240, 242–43 (10th Cir.1979):

> In some cases, however, dismissal for want of jurisdiction is no bar to another suit. See *Costello v. United States*, 365 U.S. 265, 286, 81 S.Ct. 534, 5 L.Ed.2d 551; *Meshek v. Cordes* (164 Okl. 40, 22 P.2d 921), *Supra*, 22 P.2d at 925. Thus, suit may be brought again where a jurisdictional defect has been cured or loses its controlling force. See *Luker v. Nelson*, 341 F.Supp. 111, 115 (N.D.Ill.).

In *Stewart*, the Tenth Circuit held that a defect in subject matter jurisdiction was not cured by an intervening controlling judicial decision which cast into doubt the basis for the court's prior ruling of lack of jurisdiction.

▮▮▮ Thus the doctrine of collateral estoppel precludes subsequent challenge to a finding of non-jurisdiction unless the doctrine of "curable defects" applies. Plaintiff does not argue that the curable defect exception applies here, but even had he done so, that assertion would be rejected.

▮▮▮ It is clear that a dismissal for want of jurisdiction does not preclude a second action where subsequent events cure the jurisdictional deficiency in the first suit. *See, e.g., Costello v. United States*, 365 U.S. 265, 284–88, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961) (holding that dismissal of denaturalization proceedings for defective affidavit of good cause was for lack of jurisdiction and did not bar subsequent proceeding on proper affidavit); *GAF Corp.*, 818 F.2d at 913–14 (stating that jurisdictional deficiencies may be remedied by occurrences subsequent to original dismissal). The Tenth Circuit has not addressed, however, whether the "curable defects" exception applies in circumstances presented here, where no change in the facts is alleged to have occurred after the dismissal of the original case, and the sole change is a cosmetic one in the pleadings, reciting facts known to the plaintiff prior to dismissal of the original case.

Other jurisdictions are split as to whether the "curable defects" exception applies only where jurisdictional facts change subsequent to dismissal of the initial case, or whether a defect in jurisdiction may instead be cured by restating facts which existed prior to dismissal of the initial case. *See 1B James W. Moore et al., Moore's Federal Practice* ¶ 0.405[5] (2d ed.1993) (stating that a dismissal for want of jurisdiction does not preclude a subsequent action where in the interim facts have occurred which now establish jurisdiction). *Compare Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1192 (D.C.Cir.1983) (limiting "curable defects" exception to post-transactional incidents of jurisdiction and finding diversity jurisdiction deficiency must be remedied by occurrences subsequent to original dismissal) with *Mann v. Merrill Lynch, Pierce, Fenner & Smith*, 488 F.2d 75, 76 (5th Cir.1973) (dismissal of suit for failure to allege diversity is no bar to new suit properly pleading diversity sufficient to establish jurisdiction).

The court finds Dozier to be the better reasoned approach. A claim of jurisdiction is not precluded if in the interim subsequent to the initial dismissal there are factual developments tending to "cure" the jurisdictional deficiency identified in the first suit. However, under the system established by the Federal Rules of Civil Procedure which permits liberal amendment of pleadings, "it does not make sense to allow a plaintiff to begin the same suit over and over again in the same court, each time alleging additional facts that the

plaintiff was aware of from the beginning of the suit, until it finally satisfies the jurisdictional requirements." *Magnus Electronics, Inc. v. La Republica Argentina,* 830 F.2d 1396, 1401 (7th Cir.1987).

The fact that plaintiff's appeal is currently pending before the Tenth Circuit also bears some weight in this analysis. The pendency of the appeal does not alter the finality of the case for purposes of res judicata or collateral estoppel. See 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4433 (1981) (noting established rule in federal courts is that a final judgment retains all of its res judicata consequences pending decision of the appeal); *Brooks v. Graber,* 2000 WL 1679420 at *4 (D. Kan. Nov 06, 2000); *Meuli v. Farm Credit Service of Manhattan,* 1991 WL 177953 at *6, n. 11 (D.Kan. Aug.8, 1991) ("fact that an appeal is pending does not generally vitiate the res judicata effect of judgment"), aff'd. 982 F.2d 529, 1992 WL 372592 (10th Cir. Dec 18, 1992) (Table). Nonetheless, the practical effect of the results of the appeal show the propriety of imposing a bar here.

In the event the Tenth Circuit reverses this court's jurisdictional ruling in *Bui I,* plaintiff will obtain the identical relief he seeks through this case, i.e., plaintiff will be able to pursue his state law claim for retaliatory discharge in federal court. If no collateral estoppel effect were given to *Bui I,* defendant would then be forced to defend two identical claims in the same forum, giving rise to the possibility of inconsistent judgments. Conversely, in the event the Tenth Circuit affirms the dismissal for lack of jurisdiction, it would be unfair to permit plaintiff another bite at the apple in reliance upon facts which plaintiff knew and could have properly pled in *Bui I.* Although it may seem unfair

to plaintiff to dismiss this suit, it would be even more unfair to IBP, Inc. to require it to defend itself once again.

The purposes of collateral estoppel are "to promote judicial economy by minimizing repetitive litigation, to prevent inconsistent judgments which undermine the integrity of the judicial system, and to provide repose by preventing a person from being harassed by vexatious litigation." *Wanamaker v. Albrecht,* 99 F.3d 1151, 1996 WL 582738 at *4 (10th Cir. Oct 10, 1996) (Table), *citing People v. Santamaria,* 8 Cal.4th 903, 35 Cal.Rptr.2d 624, 884 P.2d 81, 85 (1994); *see Ute Indian Tribe of the Uintah and Ouray Reservation v. State of Utah,* 114 F.3d 1513, 1524 (10th Cir.1997), *cert. denied,* 522 U.S. 1107, 118 S.Ct. 1034, 140 L.Ed.2d 101(1998). Application of collateral estoppel here will fully advance these purposes.

IT IS THEREFORE ORDERED that defendant's motion to dismiss or alternatively motion for summary judgment (Dk.5) is granted.